CARRIE HENOCHSTEIN, Individually and as Guardian of ARNOLD S. HENOCHSTEIN and Another, Sole Heirs at Law, and Wife of PHILIP HENOCHSTEIN, Deceased, Appellant, *v.* HYMAN NACHMAN and Another, Copartners Doing Business under the Firm Name and Style of H. NACHMAN & SON, Respondents.

First Department, December 31, 1926.

**Landlord and tenant — action for rent accruing under lease after eviction in summary proceedings — lease provided that if tenants were evicted, landlord would have right to re-enter and relet as agent for tenants — contention that lease was terminated under Civil Practice Act, § 1434, by issuance of final warrant, cannot be sustained — notwithstanding eviction, tenants are liable, under their covenant, for rent until expiration of term — tenants were evicted, within meaning of lease, though they gave up possession before final warrant was issued — claim by tenants that they were not evicted, since some property was left on premises, is not defense — defendants not entitled to return of deposit until termination of lease — summary judgment granted.**

Tenants, who enter into a lease containing a stipulation that in case of eviction by summary proceedings the landlord may re-enter the premises and relet the same as agent for the tenants, are, upon eviction, still liable for the stipulated rent less any amount that the landlord may procure through reletting.

The lease is not terminated by force of section 1434 of the Civil Practice Act, upon the entry of a final order in summary proceedings, since the lease itself expressly provides that under those circumstances it shall continue and that the liability of the tenants shall continue until the term expires.

The fact that the tenants removed from the premises before the final order was made and warrant issued, does not relieve them from the force of the stipulation stated, for such removal, in anticipation of the issuance of the warrant, is equivalent to an eviction in summary proceedings.

The contention of the defendants that there was an issue of fact as to whether or not eviction was effected, which is based on the fact that certain fixtures belonging to them were left on the premises, is without merit, since, if there was an eviction, defendants are liable under the stipulation stated, and if there was not an eviction, they are liable under the lease.

The defendants have no right to recover at this time, by way of counterclaim, the amount deposited as security for the payment of the rent, for the eviction by summary proceedings did not terminate the lease and they are not entitled to recover that amount until the expiration of the lease.

Under the circumstances, the landlord is entitled to summary judgment for the rent which accrued under the lease after the eviction in summary proceedings.

APPEAL by the plaintiff, Carrie Henochstein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of May, 1926, denying plaintiff's motion for summary judgment.

*Vincent S. Lippe* of counsel, for the appellant.

*Abraham J. Halprin* of counsel, for the respondents.

FINCH, J. The question presented is whether the plaintiff is entitled to a summary judgment upon the ground of failure to show facts which constitute a defense to the action. The plaintiff, as landlord, leased to the defendants, as tenants, certain premises for the term commencing March 31, 1924, and ending March 31, 1929, at the yearly rental of $4,800, payable in advance in equal monthly installments of $400. The defendants entered into and remained in possession of said premises until on or about the 1st day of May, 1925, when they were summarily dispossessed for non-payment of rent. The action is brought to recover as rent the monthly installments payable under the lease for the months of April, 1925, to February, 1926, inclusive, amounting to the sum of $4,400. This is based upon a provision in the lease that if the tenant should be evicted by summary proceedings or otherwise, the landlord might re-enter and relet the premises as the agent of the tenant, and that the tenant should remain liable for any deficiency after the application to the rent due under the lease of any rent received from such reletting. The plaintiff showed that due efforts had been made to relet the premises, but that she had been unable to do so. No issue was raised by the defendants in this connection. The defendants' contention is that under the provision of section 1434 of the Civil Practice Act the relation of landlord and tenant was terminated by the issuance of the warrant and final order in the summary proceedings, and hence the action for rent cannot be maintained. In making this contention the defendants ignore the express provisions of the lease. Said lease provides not only for the contingency of the premises becoming vacant, but also for the contingency of the tenant being evicted by summary proceedings. In the latter event it is expressly stipulated that the term shall continue and that the tenant shall be liable for the rent payable under the lease. There is no ambiguity in this provision of the lease. It reads as follows: " That if the said premises, or any part thereof, shall become vacant during the said term, or should the Tenant be evicted by summary proceedings or otherwise, the Landlord or her representatives may re-enter the same either by force or otherwise, without being liable to prosecution therefor; and re-let the said premises as the Agent of the said Tenant and receive the rent thereof, applying the same, first to the payment of such expenses as she may be put to in re-entering, and then to the payment of the rent due by these presents; the balance (if any) to be paid over to the Tenant who shall remain liable for any deficiency."

In the absence of such a provision as above upon re-entry for condition broken, the lease is terminated and the landlord is without authority to relet the premises for the account of the lessee. (*Kottler* v. *New York Bargain House*, 242 N. Y. 28.) The parties, however, are at liberty to contract for such a reletting, if they deem proper. As was said for the court by Judge CARDOZO in *Kottler* v. *New York Bargain House (supra)*: " The lease might, of course, have made provision for a reletting even then. We take its covenants as we find them. The lessee is chargeable with a deficiency in one event only, and then the term is kept alive. As long as it remains alive, there is a liability for rent." And in *Mann* v. *Munch Brewery* (225 N. Y. 190) Judge CRANE, writing for the court, said: " Usually the issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises and annuls the relation of landlord and tenant. (Code of Civil Procedure, section 2253.) The parties may, however, as they did in this case, agree to the contrary and render the lessee liable to the end of the term although out of possession."

The defendants seek to escape the force of the above provision of the lease by claiming, first, that the tenant was not evicted because " there has been a removal after the commencement of the summary proceeding." Such a contention is without merit. The fact that the tenant after default removed from the premises and so rendered unnecessary the service of the warrant which followed, is entirely immaterial. Such a removal to anticipate the warrant is equivalent to a removal under the warrant. A tenant in default cannot so easily evade and render nugatory his express agreement in the lease that he shall remain liable for a deficiency in rental upon an eviction by summary proceedings.

The defendants also urge that there is an issue of fact as to whether there was an eviction, since certain fixtures belonging to them upon which the plaintiff held a mortgage, remained upon the premises. A complete answer to this contention is that if there was an eviction the defendants are liable in accordance with the express provisions of the lease, and if there was not an eviction, the defendants continued liable under the lease.

Thus the plaintiff was entitled to summary judgment upon the cause of action alleged in her complaint.

The defendants, by way of counterclaim, sought to recover the balance of an amount deposited to secure performance by the defendants of the covenants of the lease after crediting plaintiff with the rent for the month of April, 1925. As above shown, however, by the express agreement of the parties the term of the lease was not ended by the summary proceedings but the liability

of the defendants for the rent at least under the lease continues until the expiration of the period fixed by the lease. The defendants, therefore, are not now entitled to the return of the deposit and the counterclaim must be dismissed.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion for judgment striking out the answer and counterclaim granted, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for judgment striking out the answer and counterclaim granted, with ten dollars costs.