Mad-Park Holding Corporation, Plaintiff, *v.* Eugene Elter, Defendant.

City Court of New York, New York County, March 28, 1934.

*Manheim Rosenzweig,* for the plaintiff.

*Fineman & Fineman,* for the defendant.

La Fetra, Ch. J.  This action is brought to recover upon a written lease which by its terms expires April 30, 1936.  Plaintiff, the landlord, sues for the rent accruing for the months of June, July, August, September and October, 1933.  The defendant answered and interposed several defenses, only two of which need be considered: (1) That on March 15, 1933, plaintiff instituted summary proceedings against the defendant and a final order in said proceedings was signed, and (2) that on May

11, 1933, prior to the accrual of any of the rent sued for herein, defendant filed a petition in bankruptcy, and was subsequently granted his discharge. The landlord thereafter moved for summary judgment but upon the return day of the motion the tenant defaulted and judgment was accordingly entered in favor of the landlord. The tenant now moves to open his default and for summary judgment in his favor.

After the signing of the final order in the summary proceeding the defendant vacated the premises. The removal pursuant to the precept and final order terminated the lease and ended the tenant's duty to pay rent. (*Cornwell* v. *Sanford*, 222 N. Y. 248, 252; *Rosenfeld* v. *Aaron*, 248 id. 437, 442; *Hampton* v. *Flesser*, 133 Misc. 705, 706.) All that survived was the tenant's obligation under paragraph fourteenth of the lease, which, *inter alia*, provides as follows: " If this lease be terminated pursuant to paragraph thirteenth hereof, or if the Tenant defaults in the payment of rent or additional rent, or violates any other covenant hereof, or if said premises become vacant or abandoned, the Landlord may reenter the same by summary proceedings, force or otherwise, without being liable therefor and may at its option relet said premises or any part thereof in such name, on . such terms and for such periods as the Landlord may elect. In any such case (whether this lease be terminated by summary proceedings or otherwise) the Tenant shall remain liable hereunder until the original expiration date hereof for the rent and additional rent hereby reserved, less the net avails of reletting (if any) and shall continue to pay the same on the first day of each month in advance."

In order to recover upon the covenant in question the plaintiff must both plead and prove a deficiency. (*McCready* v. *Lindenborn*, 172 N. Y. 400, 407.) The complaint is in the ordinary form for rent and contains no allegation that the landlord had re-entered or that there was a deficiency. Perhaps this objection might be disregarded if the existence of a deficiency was undisputed. (*Henochstein* v. *Nachman*, 218 App. Div. 673, 674.) But the moving papers are barren of any facts showing a deficiency. For these reasons the plaintiff has failed to establish either the cause of action pleaded or one upon the covenant.

The defendant specifically bases his request for summary judgment upon his discharge in bankruptcy. If the effect to be given to a discharge were now an open question in this court I should hold the defense valid. (See *335 West 101st Street Co., Inc.*, v. *Joffe*, N. Y. L. J. Jan. 5, 1934; Schwabacher & Weinstein, " Rent Claims in Bankruptcy," 33 Columbia Law Review, 213, 237 *et seq.;* for a discussion of the early law, see Id. p. 214 *et seq.*) The Supreme

Court of the United States, however, has recently held that the liability of a tenant for rent or upon a covenant similar to the one here is not provable in bankruptcy. (*Manhattan Properties, Inc.,* v. *Irving Trust Company,* 291 U. S. 320; 78 Law. Ed. 457.) It is urged by defendant that the *Manhattan Properties Case (supra)* is distinguishable because there the event upon which the covenant became operative was the tenant's bankruptcy, whereas here the covenant had already become operative before bankruptcy, the tenant having defaulted and the landlord having re-entered prior to the filing of the petition. Nevertheless under the covenant in this case the liability of the tenant is contingent until the time for the ascertainment of the deficiency arrives, even though it is to be calculated monthly. (*Hermitage Co.* v. *Levine,* 248 N. Y. 333; *Matter of Outfitters' Operating Realty Co.,* 69 F. [2d] 90.) Such a contingency has been held in numerous cases to prevent the claim from being provable. (See *Bowditch* v. *Raymond,* 146 Mass. 109; Schwabacher & Weinstein, "Rent Claims in Bankruptcy," *supra,* p. 245 *et seq.*) Although in *Maynard* v. *Elliott* (283 U. S. 273) the Supreme Court indicated that it would adopt a more liberal rule with respect to contingent claims, in the *Manhattan Properties Case (supra)* the court seems to have definitely committed itself to the prior law, at least so far as leaseholds are concerned.

I am, therefore, constrained to hold the defense of discharge in bankruptcy insufficient.

At the hearing of this motion the defendant urged as an additional ground for summary judgment the first defense above discussed. His notice of motion, however, seeks judgment solely on the ground of his discharge in bankruptcy. The first defense is, therefore, of no avail to him on this motion, especially since as pleaded it is insufficient in law. It fails to alleged that the tenant voluntarily removed after the service of the precept or that a warrant was issued in the summary proceeding. (*Cornwell* v. *Sanford, supra; Hampton* v. *Flesser, supra.*)

The defendant's default is opened and the judgment vacated upon condition that within ten days after the entry of this order the defendant pay plaintiff costs and disbursements to date, as taxed, and ten dollars costs of this motion. Upon said conditions being complied with, the plaintiff's motion for summary judgment is denied, with leave to serve an amended complaint, without costs, within ten days after the entry of this order, and without prejudice to the plaintiff's right to move for summary judgment after service of the amended complaint and answer thereto. Defendant's motion for summary judgment is denied. Order signed.