58–59 REALTY CORPORATION, Plaintiff, *v.* WILLIAM KENNELLY, Defendant.

City Court of New York, New York County, November 7, 1934.

*A. Edward Moskowitz*, for the plaintiff.

*Rifkind & Reilley*, for the defendant.

NOONAN, J. The defendant moves for summary judgment against the plaintiff pursuant to rule 113 of the Rules of Civil Practice on the ground that the defendant's discharge in bankruptcy is a complete bar to plaintiff's cause of action. The following conceded facts appear: Plaintiff is the owner of an apartment house known as the Essex House located at 160 Central Park South, New York city. On or about June 23, 1931, defendant entered into a lease in writing with plaintiff whereby there was leased to defendant an apartment known as suite 2301–02 on the twenty-third floor of the premises for a term commencing October 1, 1931, and ending September 30, 1936, at a yearly rental of $6,000 from October 1, 1931, to September 30, 1933; $6,500 from October 1, 1933, to September 30, 1934; $6,800 from October 1, 1934, to September 30, 1936, said rent being payable in equal monthly installments in advance, together with any additional rent for electric light and sundries. Defendant entered into possession on or about October 1, 1931, and remained in possession until on or about June 20, 1933, at which time he removed from possession and vacated the premises.

In accordance with a survival clause in the lease, the defendant remained liable for the rent for the full term of the lease. Judgment was asked by the plaintiff for unpaid rental for the months of September to December, 1933, inclusive, and for the months of January to June, 1934, inclusive, a total rent of $5,375, less the sum of $3,750 received on a reletting, leaving a balance claimed of $1,625 with appropriate interest from September 1, 1933. On August 28, 1933, defendant filed in the United States District Court for the Southern District of New York a petition in bankruptcy, together with appropriate schedules. On the same day he was duly adjudicated a bankrupt. Prior to defendant's adjudication in bankruptcy, plaintiff had recovered a judgment against the defendant for the rent due up to that time. Such judgment was listed in Schedule A of the bankruptcy schedules as follows:

" Essex House, 160 Central Park South, New York, N. Y.

" Due for back rent $1,686.90.

" Judgment entered in name of 58–59 Realty Corp. (Essex House) in City Court, N. Y. for amount of $2,440."

It is conceded that this claim was duly discharged by the defendant's discharge in bankruptcy.

Defendant also listed in the same schedule the balance due under said lease as follows:

" Essex House, 160 Central Park South, New York, N. Y.

" Rent for June 1933, $260.21.

" William Kennelly has moved from said premises and there is a balance due on lease which runs to 1935 approximately $12,463.89."

This schedule includes the claim of the plaintiff in this action.

Thereafter by an order duly made in the bankruptcy court on the 27th day of June, 1934, defendant was discharged from all debts and claims.

Defendant contends that the claim for rent involved in this action, all of which is claimed by plaintiff to be due under a saving or survival clause of the lease and which arose subsequent to the defendant's adjudication in bankruptcy and his removal from the premises, was discharged in bankruptcy. The question, therefore, is whether this future rent becoming due after the defendant had vacated the premises has been discharged in bankruptcy.

On June 7, 1934, subdivision (a) of section 63 of the Bankruptcy Act of July 1, 1898 (U. S. Code, tit. 11, § 103 subd. [a]), was amended (48 U. S. Stat. at Large, 923, 924, § 4 [a]), to read as follows: " (a) Debts of the bankrupt may be proved and allowed against his estate which are * * * (7) claims for damages respecting executory contracts including future rents whether the bankrupt be an individual or corporation: * * * Provided further, That the provisions of this clause (7) shall apply to estates pending at the time of the enactment of this amendatory Act [on June 7, 1934]."

On June 18, 1934, this amendment was further amended by an act of Congress (U. S. Code, tit. 11, § 103, subd. [a]; 48 U. S. Stat. at Large, 981) so as to read: " Provided further, That the provisions of this clause (7) shall apply to estates pending at the time of the enactment of this amendatory Act [on June 7, 1934], *in which the time for filing such claims has not expired.*"

The italicized portion is the writer's but indicates the further amendment. Prior to the amendment of the 7th day of June, 1934, the Supreme Court of the United States had clarified the law under the bankruptcy statute as it then stood and held that claims for future rents were not provable in bankruptcy. (*Manhattan Properties, Inc.*, v. *Irving Trust Co.*, 291 U. S. 320; 54 S. Ct. 385, 387; 78 L. Ed. 457, decided February 5, 1934.)

The United States court went into the question at great length and discussed the earlier decisions of the lower courts, nearly all of which had decided that a claim for future rent was not provable and dischargeable in bankruptcy. The court said, however, that " the issue is not one of power, for plainly Congress may permit such claims or exclude them." It was, no doubt, in response to such expression of opinion that Congress passed the amendatory acts above referred to. (See *Mad-Park Holding Corporation* v. *Elter,*

151 Misc. 41.) Bankrupt debtors are discharged only from such debts as are provable in bankruptcy and are not expressly excepted from discharge by the provisions of the Bankruptcy Act. (Bankruptcy Act, § 17; U. S. Code, tit. 11, § 35.)

Subdivision (a) of section 63 of the Bankruptcy Act, as amended to June 18, 1934 (U. S. Code, tit. 11, § 103, subd. [a]), is expressed in plain language. It provides that claims for future rents are provable and hence dischargeable, if the estate of the bankrupt is pending at the time of the amendatory act of June 18, 1934, and if the time to file claims has not expired. In the case of the defendant's estate in bankruptcy, the statutory time to file claims had expired. In section 57, subdivision n, of the Bankruptcy Act of 1898, as amended by the act of May 27, 1926, section 13 (U. S. Code, tit. 11, § 939, subd. [n]), it is provided: " Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication." The time to file claims in the estate of the present bankrupt had, therefore, expired six months subsequent to August 29, 1933, the date of the adjudication in bankruptcy. Creditors are held strictly to the filing of claims within the six-month period. (*Matter of Silk*, [C. C. A.] 55 F. [2d] 917.) It follows that the discharge of the defendant in bankruptcy on June 27, 1934, did not relieve the defendant of his liability for future rents. The *ad hominem* argument that since defendant's estate had no assets, the filing of a claim would have been futile, is not a test. The language of the amendatory act is not susceptible of two interpretations, and the court will not seek an unexpressed intent. Another contention of the defendant requires consideration.

As has been stated, the defendant listed in the bankruptcy schedules the rent due up to the time of the filing of the petition in bankruptcy and the adjudication. Plaintiff also filed a claim for such rent. A claim for the rent due subsequent to the adjudication was not filed by the plaintiff because, as has been indicated, such rent under the law then existing was not provable and hence not dischargeable. It is the contention of the defendant that the plaintiff could have amended its claim as filed previous to the adjudication so as to include the claim for rent due subsequently. Between the date of June 18, 1934, when the second amendatory act of Congress became effective, and the date of the defendant's discharge in bankruptcy on June 27, 1934, there was a period of nine days. It is argued that plaintiff should have amended its claim within that period of time so as to include the claim involved in this action.

The first amendatory act of June 7, 1934, allowed debts for future rents to be proved against the estate of a bankrupt pending at the time of the enactment. It was recognized that this amend-

ment was unfair to creditors who had failed to file claims of that character. Hence the justice of the situation caused the enactment of the second amendment to the effect that such claims could be proved if the time for their proving had not elapsed. Section 57, subdivision n, of the Bankruptcy Act provided a six-month limitation for creditors to file their claims. It was this limitation that Congress undoubtedly had in contemplation when it enacted the second amendment. This established a constant and fixed rule, one which was not subject to variation by the inconstancy of circumstance. If Congress had intended that the provision was to be modified by the right of creditors to amend their claims, it would have said so. The construction contended by the defendant would extend the time limit fixed by section 57, subdivision n. The first amendment of June seventh being in itself retroactive, a strict construction should be adopted. It is true that under certain circumstances creditors have been permitted to amend their claims where the statutory period has expired. (*Hutchinson* v. *Otis*, 190 U. S. 552; 23 S. Ct. 778; 47 L. Ed. 1179; *Matter of Hamilton Automobile Co.*, [C. C. A.] 209 F. 596, relied upon by the defendant, are illustrations of this privilege.) However, in both of these cases the amended claim was originally provable. Here it was not. In both of the cited cases the creditor had obtained a satisfaction of his debt and for that reason did not file a claim for it. This satisfaction was afterwards voided; in the *Hutchinson* case, because of the four-month limitation of the Bankruptcy Act, and in the other case because of a wrongful preference. The court in both cases permitted a filing of the claims beyond the statutory period because of the special circumstances existing. Not to do so would have been an injustice. In each of these cited cases, as the court pointed out, the claim upon which the original proof was made was the same as that ultimately proved. In this case to allow an amendment would be to permit a claim originally unprovable to be proved against the bankrupt's estate. Such a claim could only be proved within the time limit of six months subsequent to the adjudication. It is in reality a new claim and the limitation of six months for its filing should apply.

Heretofore the plaintiff had made a motion for summary judgment which was denied. At that time the court's attention was drawn only to the amendatory act of June 7, 1934. Such amendment seemed to be a conclusive defense in answer to the motion. At that time the subsequent amendatory act of June 18, 1934, was not referred to. On the present motion, however, counsel for the plaintiff who had discovered the amendment of June 18, 1934, submitted it to the court as a reason for the denial of this motion for summary judgment made by the defendant.

For the reasons stated, the defendant's motion is denied and the plaintiff's motion, which will be considered as a reargument, is granted. Summary judgment is, therefore, directed in plaintiff's favor and against the defendant for the relief demanded in the complaint. Execution is stayed for five days after service of notice of entry of judgment. The order of August 14, 1934, denying plaintiff's motion for summary judgment, is vacated. Settle order on notice.