APPERSON REALTY CORPORATION, Plaintiff, *v.* BENJAMIN WOLOSKY, Defendant.

City Court of New York, New York County, February 7, 1935.

*Manheim Rosenzweig*, for the plaintiff.

*Joseph Greenberg*, for the defendant.

MADIGAN, J.  Plaintiff's motion for summary judgment and defendant's application for leave to serve a supplemental answer and for summary judgment in defendant's favor are consolidated.

Plaintiff entered into a lease with Wolosky Fur Shop, Inc.  In the complaint it is alleged that after the termination of the lease in summary proceedings during the month of January, 1934, there arose a " deficiency " such as the lease mentioned in its fourteenth paragraph.  In that paragraph, referred to herein as the " survival clause," it was provided that, if the lessee should default or violate any covenant of the lease, the lessor might retake possession of the demised premises and " at its option relet " the same or any part thereof, " on such terms and for such periods " as the lessor might elect; and in said paragraph it was further provided that the lessee should remain liable for the deficiency, if any, same to be payable on the first day of each month in advance.  Defendant in this action covenanted, in part, that if at any time default should be made by the lessee in the " performance of the covenants contained in the  *  *  *  lease " defendant would " well and truly pay  *  *  *  all damages " that might " arise in consequence of the non-performance of said covenants, or either of them, without requiring notice of any such default."

Defendant filed a petition in bankruptcy on May 3, 1934, was adjudicated a bankrupt as of that date, and was discharged on November 22, 1934.

The present action was commenced October 20, 1934.  The complaint alleges that a deficiency of the kind mentioned above occurred, and also alleges that part of such deficiency became payable on June 1, 1934, as well as that a part thereof became due on the first of each month following June 1, 1934, up to and including October 1, 1934.  The action is to recover so much of said deficiency as became due from June 1, 1934, to and including October 1, 1934.

Defendant's petition in bankruptcy was filed and the adjudication occurred prior to June 1, 1934, and, therefore, before the accrual of any part of the recovery sought in this action.

Prior to the adoption of the amendment, to be referred to, of the National Bankruptcy Act in June, 1934, a claim for rent accruing at a time subsequent to the institution of the bankruptcy proceeding, as well as a claim under such a " survival clause," was not provable, and, therefore, not dischargeable in bankruptcy.  (*Manhattan Properties, Inc., v. Irving Trust Co.*, 291 U. S. 320; 54 S. Ct. 385; 78 L. Ed. 457; *Matter of Roth & Appel*, [C. C. A.] 181 F. 667; 31 L. R. A. [N. S.] 270.)

Obviously, the liability of a guarantor of such an obligation was equally as contingent as to its future existence and amount,

and, therefore, not provable. (See *Matter of F. & W. Grand 5-10-25 Cent Stores, Inc.*, [C. C. A.] 70 F. [2d] 691.)

However, on June 7, 1934, there were added to subdivision (a) of section 63 of the National Bankruptcy Act of July 1, 1898, new provisions, designated (6), (6½) and (7) (U. S. Code, tit. 11, § 103, subd. [a], clauses [6–7]; 48 U. S. Stat. at Large, 923, 924; Id. 981) with the effect that subdivision (a) now reads, in part as follows: "(a) Debts of the bankrupt may be proved and allowed against his estate which are * * * (7) Claims for damages respecting executory contracts including future rents whether the bankrupt be an individual or a corporation, but the claim of a landlord for injury resulting from the rejection by the trustee of an unexpired lease of real estate or for damages or indemnity under a covenant contained in such lease shall in no event be allowed in an amount exceeding the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises plus an amount equal to the unpaid rent accrued up to said date: * * * Provided further, That the provisions of this clause (7) shall apply to estates pending at the time of the enactment of this amendatory Act [June 7, 1934], in which the time for filing such claims has not expired." (U. S. Code, tit. 11, § 103, subd. [a], clause [7].)

" The time of the enactment," mentioned in the amendment, was June 18, 1934.

The act indicates that there is a limitation as to the amount of the landlord's claim which may be proved as the basis of participating in the distribution of assets. But, seemingly, such a dischargeable claim is discharged in full. If there be a departure, in that respect, from the usual practice, if there appear to be inconsistency, the court must, nevertheless, follow the statute.

Since the defendant's adjudication in bankruptcy took place on May 3, 1934, the six months for filing claims had not expired on June 18, 1934.

Congress made it very clear that the amendments, which have been quoted in part above, rendered provable an obligation of the bankrupt to pay rents accruing in the future. It also seems clear that the effect of the amendments is to afford relief from the obligation to pay a substitute for rent under a covenant of indemnity intended to survive the relationship of landlord and tenant. There is just as much reason for affording opportunity to obtain relief from such a covenant as there is for affording relief from an obligation to pay rent in the future. (See *58–59 Realty Corporation* v. *Kennelly*, 156 Misc. 19, opinion of Mr. Justice NOONAN of this court.)

If the claim against the lessee, a party to the " survival clause," is now to be regarded as of such a nature that it may be proved and discharged, naturally a claim against one who guaranteed performance by the lessee is also to be regarded as of such a nature that it may be proved and discharged.

But, if by reason of its wording, " for damages respecting executory contracts," the statute refers solely to claims " for damages," nevertheless, this defendant did, literally, covenant to pay " damages." As the amendments had the effect of invalidating the reasoning which led to the total rejection of claims for future rents and other future and contingent claims of the same nature, and as, in any event, plaintiff's demand is for damages respecting an executory contract, it seems to be of such a character as to be provable and dischargeable.

Whether plaintiff's claim was actually discharged, however, cannot be determined on these papers. It appears that the debt was not scheduled and that no claim was filed by plaintiff in the bankruptcy proceedings; but, seemingly, plaintiff was listed as a creditor, in relation to another claim, and there are indications that plaintiff had notice and knowledge which would cause the debt to be discharged. (National Bankruptcy Act, § 17, clause third [U. S. Code, tit. 11, § 35, clause third].) As to all of this, no issue will have been joined unless the supplemental answer be served.

In view of the issues which will properly develop following the service of said pleading, which defendant seeks to interpose, plaintiff's motion for summary judgment may not be granted at this time. (*Curry* v. *Mackenzie*, 239 N. Y. 267.)

Defendant's motion for summary judgment, on papers including a plea not yet in the case, is premature.

Defendant is given leave to serve a supplemental answer in the form annexed to his motion papers on or prior to February 15, 1935, the service of same to be without prejudice to the present position of the cause on the calendar.

The motions for summary judgment are denied without prejudice and with leave to renew after the service of the supplemental answer.*

Order signed.

---

* On a subsequent motion for summary judgment, the motion was granted in favor of defendant and the clerk was directed to enter judgment dismissing the complaint, the memorandum reading: " Plaintiff would disregard the words ' executory contracts ' in the amendment of June, 1934. It is understood by the court on the present application that plaintiff concedes it had ' notice ' and ' actual knowledge.' (Nat. Bankruptcy Act, § 17, clause third.) "

This order, dated February 26, 1935, was affirmed by the Appellate Term of the Supreme Court, First Department, on June 24, 1935.