## HUTCHINSON *v.* OTIS.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 634. Submitted May 4, 1903.—Decided June 1, 1903.

A creditor obtained attachments against one who within four months thereafter was adjudged a bankrupt and attached debts, which, upon entry of judgments, were paid over to the attaching creditor who thereupon satisfied the judgments guaranteeing the garnishees against loss. The trustee in bankruptcy demanded payment of the debts from the garnishees and under its guarantee the creditor who had collected them paid the amount over.

*Held*, that the action of the trustee undid the satisfaction of record of the judgments and they were not a bar which would prevent the creditor from proving its claim against the estate in the hands of the trustee.

THE case is stated in the opinion of the court.

*Mr. Freedom Hutchinson* and *Mr. Frederic D. McKenney* for appellant.

*Mr. Roland Gray* for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Appeals affirming on appeal a decree of the District Court, which allowed a proof of a claim in bankruptcy by the appellees.    115 Fed. Rep. 937.    The appeal to this court was allowed by a justice of this court under the bankruptcy act, § 25 *b*, 1, and rule 36, 2, on grounds to be explained, and now is before us on a motion to dismiss or affirm.    The facts, shortly stated, are as follows: Otis, Wilcox & Co., having an admitted claim for $4421.64, sued the bankrupts in New York and Illinois, and attached debts due to them, by trustee process.    This was within four months before the filing of the petition in bankruptcy, and therefore was ineffectual as against the appellant by § 67 of the act.    But Otis, Wilcox & Co., supposing that they had valid attachments, took judgments by default, and collected their debt from the parties trusteed, agreeing to save the latter harmless from liability to others.    Satisfaction was entered of record in each suit.    Subsequently the trustee in bankruptcy demanded payment of these debtors of the bankrupt, and as they had no defence, Otis, Wilcox & Co. paid over to the trustee the full amount of the respective debts.    Otis, Wilcox & Co. filed a claim in bankruptcy, and were allowed to prove their claim.

The trustee in bankruptcy took the ground before the referee, and seems to have adhered to it, that full faith and credit to the record of satisfaction forbade the allowance of the proof. It was because of this contention that the writ of error was allowed.    The jurisdiction of this court is established and the motion to dismiss must be overruled.    But so little attention was paid to the question and the contention seems to us so unmeritorious that we think that there was color for the motion, and we therefore take up the motion to affirm.

No one denies the fact or effect of the record of satisfaction. N. Y. Code of Civil Proc. § 1264; *Crotty* v. *McKenzie*, 42 N. Y. Super. Ct. Rep. 192, 201.    What is said is that although it is

true that on a certain day a judgment on the appellees' claim
was satisfied, since that time the satisfaction had been undone
and the money restored. It is objected that Otis, Wilcox & Co.
did not purport to restore to the appellant what they had re-
ceived from the parties indebted to the bankrupt estate, but
simply paid the debts of those parties. But names make no
difference in this case. There was no identified fund. When
Otis, Wilcox & Co. paid the debts out of which they had re-
ceived satisfaction, they undid the satisfaction, and the trustee
in bankruptcy knew it. We see no sufficient ground on which
he can deny the consequence that the right to prove revived.
That right cannot be made to depend on the views which the
New York and Illinois courts may entertain as to the propriety
of correcting the record of satisfaction to conform to present
conditions, it having been right when it was made. Whether
the record is corrected or not, it cannot be conclusive as to
events of a later date. If it had been vacated, it would have
restored the rights of the creditors by relation. *Taylor* v.
*Ranney,* 4 Hill, 619, 623, 624.

The only difficulty is this: The adjudication of bankruptcy
was on April 27, 1900. A petition and the original proof of
claim of Otis, Wilcox & Co. were filed on March 9, 1901. At
this time the trustee in bankruptcy was suing for the debts in
question, but by agreement time was given to the counsel for
Otis, Wilcox & Co. to look into the matter. The payment to
the trustee by the last named firm, although agreed upon be-
fore, was not made until April 29, 1901, more than a year after
the adjudication, so that technically the record of satisfaction
really was a bar until the time for proof had gone by. Subse-
quently, on November 12, 1901, an amended proof was filed
by consent of the trustee, and was allowed as of November 4.
We are of opinion that when the trustee accepted payment
from Otis, Wilcox & Co. in pursuance of his previous agreement,
with this proof on file, and in this way undid the satisfaction
of record, he must be taken to have done so on the understand-
ing that he accepted the consequence that the bar to the proof
was removed. We follow the interpretation of the Circuit Court
of Appeals, that the admitted belief of Otis, Wilcox & Co.,

that they had been paid, was due to a mistake of fact, and the agreement to settle seemingly having been made within the year, the delay of actual payment for a day or two beyond, for convenience of counsel, ought not to affect the result.

The appeal being here, the trustee argues two other questions. The first concerns the amended proof. The proof of debt originally filed is admitted to have been defective. A substituted proof was filed by consent of the trustee more than a year after the adjudication, the facts having been agreed in the meantime and an appeal taken. It is *argued that the allowance of the amendment is within § 57 *n* forbidding proofs subsequent to one year after the adjudication, etc. The construction contended for is too narrow. The claim upon which the original proof was made is the same as that ultimately proved. The clause relied upon cannot be taken to exclude amendments. An example similar in principle is the allowance of an amendment setting up the same cause of action after the statute of limitations has run, when the original declaration was bad. *Sanger* v. *Newton*, 134 Massachusetts, 308. See *In re Parkes*, 10 N. B. R. 82; *In re Baxter*, 12 Fed. Rep. 72; *In re Glass*, 119 Fed. Rep. 509. The proceedings remained in the District Court, notwithstanding the appeal, and the amendment properly was allowed there. It was little more than a form, as the facts had been agreed of record, and the filing was assented to by the trustee.

A petition was filed by Otis, Wilcox & Co., asserting a lien on the proceeds of a seat in the New York Stock Exchange, which formerly belonged to the bankrupts. This lien had not been insisted on by Otis, Wilcox & Co., because of their impression that they had been paid effectually. No one having changed his position on the faith of their waiver, the District Court allowed the lien. The Circuit Court of Appeals held that this portion of the decree of the District Court was not subject to an appeal to the Circuit Court of Appeals. The argument chiefly relied upon by the appellant is that this is an intervening petition to reach a fund in court, and is not a proceeding in bankruptcy. Under the circumstances of this case it seems to us that the petition was incident to the claim, *Cun-*

ningham v. German Insurance Bank, 101 Fed. Rep. 977; S. C., 4 Am. Bank. Rep. 192, and was a bankruptcy proceeding under § 2, cl. 7, within the meaning of § 25 regulating appeals in bankruptcy proceedings, and that the decree upon it was not "a judgment allowing or rejecting a debt or claim of five hundred dollars or over," within § 25 a, 3, and was not an independent ground of appeal. See In re Whitener, 105 Fed. Rep. 180, 186; In re Worcester County, 102 Fed. Rep. 808, 813; In re Rouse, Hazard & Co., 91 Fed. Rep. 96; In re York, 4 N. B. R. 479, 483. If the question should be held to come up as incident to the appeal on the proof, Cunningham v. German Insurance Bank, supra, we see no error in the decree of the District Court. It allowed Otis, Wilcox & Co. to correct a mistake expressly made the ground of their waiver, no new rights having intervened. We deal somewhat summarily with this point, because the merits were brought before the Circuit Court of Appeals by a petition for revision under § 24 b, and were disposed of very satisfactorily so far as appears on that petition. We find no error in the decree.

*Decree affirmed.*