WHITNEY CENTRAL TRUST & SAVINGS BANK v. UNITED STATES CONST. CO. (two cases).

In re GLOBE PACKING BOX CO.

(Circuit Court of Appeals, Fifth Circuit. March 29, 1918.)

Nos. 3038, 3055.

1. BANKRUPTCY ⬤⟳440—APPEALS—REVIEW—"PROCEEDING IN BANKRUPTCY"—"JUDGMENT ALLOWING OR REJECTING DEBT OR CLAIM."

A controversy as to the existence of a lien on property of the bankrupt between a purchaser and one who asserted a lien by reason of installation thereon of a fire sprinkler system is a regular proceeding in bankruptcy, under Bankruptcy Act July 1, 1898, c. 541, § 2, cl. 7, 30 Stat. 545 (Comp. St. 1916, § 9586), and the judgment rendered therein, not being one allowing or rejecting a debt or claim, etc., within section 25, cl. 3 (section 9609), cannot be reviewed by appeal; petition to revise being appropriate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings.]

2. BANKRUPTCY ⬤⟳446—REVIEW—PETITION TO REVISE.

On petition to revise a referee's order in bankruptcy, affirmed by the District Court, the Circuit Court of Appeals is limited to the facts as found by the referee and the trial court.

3. MECHANICS' LIENS ⬤⟳30—FIXTURES—FIRE-EXTINGUISHING APPARATUS.

A fire-extinguishing sprinkler system, after installation in the property of a Louisiana bankrupt, became immovable and merged with the building in which it was installed, regardless of the applicability of Louisiana statutes, and, payment not having been made, a lien may be asserted by one installing the same.

Petition to Superintend and Revise and Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus T. Foster, Judge.

In the matter of the bankruptcy of the Globe Packing Box Company. Petition by the Whitney Central Trust & Savings Bank, trustee for mortgaged creditors, to superintend and revise a judgment allowing the claim of the United States Construction Company to a lien, together with an appeal by petitioner to review the same judgment. Appeal dismissed, and petition to superintend and revise denied.

The above cases grew out of proceedings before the referee in bankruptcy in the matter of the Globe Packing Box Company, Bankrupt, No. 2090, in Bankruptcy. The referee states the facts as follows:

"On January 21, 1916, an order was entered in this bankruptcy proceeding directing the sale of all real property and improvements thereon, belonging

to this estate and situated in this city. It was also provided in said order that all creditors holding liens, mortgages, or privileges bearing against said property should be referred to the proceeds of said sale, and that the property subject to said incumbrances should be sold free thereof. It was also provided in said order that, in the event any of the said lien creditors should be the adjudicatee at said bankruptcy sale, the amount or price of adjudication could be withheld by said adjudicatee to the extent necessary to satisfy the amount due under the lien, said lienor, however, to be taxed with such lawful costs and charges as would be found incident and necessary to said sale. On March 2, 1916, in compliance with the aforesaid order, the property in question was sold at public auction to the Whitney Central Trust & Savings Bank, trustee, petitioner herein, who as representative of lien creditors, holders of certain mortgage notes, now petitions the court to determine what costs shall be taxed against it as purchaser, and also to decree that certain auto trucks form part of the immovables so purchased, and that a certain sprinkler fire-extinguishing apparatus, installed in the main building of said property, be decreed as immovable property, not subject to a prior lien here claimed by the United States Construction Company, vendor of said apparatus.

"To this proceeding the trustees of this estate have been made parties, as well as certain lien creditors, all of whom have been (for reasons unnecessary to here set forth) eliminated from this controversy, except the United States Construction Company, who asserts under the laws of Louisiana, upon a contract duly recorded, a certain lien for material and supplies furnished and installed as a sprinkler system in the main building or plant of the Globe Packing Box Company, long prior to bankruptcy, but subsequent to the duly recorded mortgages now asserted by petitioner. The claim or contention concerning the auto trucks has been abandoned by petitioner, who now concedes, through counsel's verbal admissions made at trial of these proceedings, that the trustees of this bankruptcy estate rightly hold the proceeds of said auto trucks free of petitioner's liens and mortgages. It results from these facts that the sole contention now before the court for determination is that between petitioner (hereinafter called the bank) and the United States Construction Company (hereinafter called the company).

"It appears from the evidence that the company contracted with the bankrupt on February 1, 1915, to install a complete fire-extinguishing sprinkler system in the bankrupt's box factory, located in New Orleans, 'on Washington avenue and Illinois Central Railroad crossing,' all as per written contract and specifications duly recorded by said company in the mortgage office of the parish of Orleans within seven days of execution as required by law. The system was duly installed, partial payments made by the bankrupt on account of the consideration stipulated in the contract, and for the balance due and unpaid at date of bankruptcy, to wit, $2,939.32, the company has filed its proof of claim against this estate, asserting as a security for said debt its lien and privilege as a furnisher of material and labor against the factory located as above mentioned. There is no dispute as to the amount due, nor have the trustees of this estate challenged in any manner the validity of said claim. The company contends that under Act 51 of 1912, enacted by the General Assembly of the state of Louisiana, amending article 467 of the Revised Civil Code of said state, the sprinkler system installed by it, in the bankrupt's factory, became at moment of installation an immovable, forming part of the factory which the trustees have sold to the aforesaid bank, and that the proceeds of said sale are subject to the company's lien and privilege, which under the state laws is superior to the bank's lien and mortgage, and must be paid in preference thereto.

"It is contended by the bank, as against the company, that the latter has nothing but an ordinary claim against this estate for the unpaid portion now due under its contract with the bankrupt, or, if any lien or privilege ever existed in favor of the company, that same was a vendor's lien upon movable property, which lien the company has wholly lost by failure to have the said sprinkler apparatus separately appraised, before the adjudication of the

250 F.—50

factory and its entire contents to said bank. It is also contended that the recordation of the company's contract and specification was of no avail, because of the insufficiency in description of the property against which the company's lien was sought to be secured. It is further and more particularly contended by the bank that though separate appraisement had been duly made, and though description, full and sufficient, had been given in the recorded instrument, even under these conditions, Act 51 of 1912 is inapplicable to the facts in this case, and can in no manner be construed as immobilizing the sprinkler apparatus, so as to make it a part of the real estate and of the factory purchased by it at trustee's sale.

"On August 21, 1916, the company applied for and obtained, over objection entered by the bank, an order for separate appraisement of the box factory, boiler room, and fuel house of the Globe Packing Box Company, and one acre of ground upon which said buildings stand. This separate appraisement was accordingly made on the 25th day of August, 1916, upon said property and ground, as it existed on the date of sale to the bank, to wit, March 2, 1916. The company, during the trial of this proceeding, offered the appraiser's report therein made, to which offer the bank objected, upon the ground that alterations and improvements made upon the property since its sale in bankruptcy rendered it impossible of appraisement. The referee, considering the objection not well founded, accordingly overruled same, and received and filed the appraiser's report as part of the record in this proceeding. To this ruling counsel for bank has entered exception."

And at the same time the referee delivered and filed an elaborate opinion on the law and facts. Specific exceptions were entered to the rulings of the referee, and a review before the District Court was ordered. In the District Court the District Judge rendered the following opinion and order:

"In the Matter of the Globe Packing Box Co., Bankrupt. No. 2090.

[3] "In this matter the United States Construction Company claims a lien on the building and ground upon which it stands, arising from its furnishing and installing a fire-extinguishing apparatus, consisting of water pipes and other paraphernalia. The referee allowed the claim as against the Whitney Central Trust & Savings Bank, trustee under mortgage on the property. It is this order the bank asks to have reviewed. The construction company relies upon Act 51 of 1912, amending article 467 of the Civil Code of Louisiana, which specifically classes water pipes attached to the building by the owner as immovables. Regardless of whether this amendment refers to such an apparatus as was installed, I am satisfied the fire-extinguishing appliances became immovable and merged with the building when it was installed, and that a lien was properly allowed. See Payne v. Joubert v. Canal Louisiana Bank & Trust Company, 160 Fed. 640 [87 C. C. A. 611].

"The judgment of the referee was right, and it is affirmed."

On this opinion judgment was duly entered, an appeal was sued out, and a petition to superintend and revise was also filed, and both matters have been heard together.

R. E. Milling, Irving R. Saal, and Wear F. Milling, all of New Orleans, La., for petitioner and appellant.

Henry Mooney, of New Orleans, La., for appellee.

Before PARDEE and BATTS, Circuit Judges, and NEWMAN, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). [1] The proceeding in this case, originating and carried to judgment be-

fore the referee, was a regular proceeding in bankruptcy under section 2, clause 7 of the Bankruptcy Law, and within the meaning of section 25 regulating appeals in bankruptcy proceedings; and the judgment rendered was not "a judgment allowing or rejecting a debt or claim of five hundred dollars or over," within clause 3 of said section 25, and was not an independent ground of appeal. See In re Whitener, 105 Fed. 180, 186, 44 C. C. A. 434, and Hutchison v. Otis, 190 U. S. 552, 556, 23 Sup. Ct. 778, 47 L. Ed. 1179, and cases there cited.

[2] In a petition to review a referee's order in bankruptcy, affirmed in the District Court, the jurisdiction of the Circuit Court of Appeals is limited to the facts as found by the referee and in the trial court. Taking the facts as found and elaborated by the referee and forming the basis for the trial judge's decision, we fully concur in the conclusion reached by the trial judge. The opinion of the referee, found in the record, elaborately and satisfactorily discusses all the questions in the case.

It follows that the appeal in this case should be dismissed, and the petition to superintend and revise be denied; and it is so ordered.