## In re ROTHBELL.

### No. 54797.

District Court, S. D. New York.

Nov. 13, 1933.

Mortimer Kraus, of New York City, for trustee.

Gettinger & Gettinger, of New York City, for petitioner.

PATTERSON, District Judge.

Application is made by the Continental Bank & Trust Company for leave to file an amended proof of claim. The adjudication in bankruptcy occurred on September 2, 1932. On October 27, 1932, the bank filed a petition asking that it be permitted to examine the bankrupt under section 21a of the Bankruptcy Act, 11 USCA § 44 (a). The petition itself made no specific mention that the bank was a creditor, but in the verification it is referred to as a creditor of the bankrupt. The petition was granted, the order stating that the application was by a creditor. Thereafter the attorneys for the bank examined the bankrupt before one of the referees, the attorney for the trustee participating in the examinations. No formal proof of claim was filed within six months from adjudication. On September 14, 1933, more than one year after adjudication, the bank attempted to file with the referee a proof of claim based on a promissory note signed by the bankrupt, but the referee rejected it as offered too late. The present application makes the point that the bank's petition for examining the bankrupt and the examinations thereunder within the six-month period may be deemed a sufficient filing of a claim to permit an amendment of the claim to be filed at the present time.

The prohibition against proving claims more than six months after adjudication (section 57n of the Bankruptcy Act, as amended by Act May 27, 1926, 11 USCA § 93 (n) is peremptory. In re Lago (D. C.) 38 F.(2d) 887. But where a proof of claim has been filed within the permissible time, it may be amended after the expiration of the time. Hutchinson v. Otis, 190 U. S. 552, 23 S. Ct. 778, 47 L. Ed. 1179. The courts have gone far in applying this rule as to amendments. The tenor of the cases is that any assertion of the claim by the creditor that was made within the required period and that appears in the records of the bankruptcy proceeding, whether or not intended as a proof of claim, will serve as a basis for an amended proof of claim.

There are many instances of such accidental proofs of claim. A paper filed by a creditor in support of an alleged lien on a special fund, though never intended as a proof of claim, is sufficient if it shows the existence of a claim against the bankrupt. In re Roeber (C. C. A.) 127 F. 122. See, also, In re Faulkner (C. C. A.) 161 F. 900. But see In re Ragan (C. C. A.) 2 F.(2d) 785. Testimony taken before the referee to determine the validity of an assignment may

amount to a proof of claim sufficient to support a later amendment. In re Salvator Brewing Co. (C. C. A.) 193 F. 989. Likewise as to letters written by the claimant to the trustee in bankruptcy in which the existence of a claim against the bankrupt is mentioned or asserted. In re Patterson-MacDonald Shipbuilding Co. (C. C. A.) 293 F. 190; Scottsville Nat. Bank v. Gilmer (C. C. A.) 37 F.(2d) 227. The same is held of a statement of the claim in an 'involuntary petition in bankruptcy. In re Fant (D. C.) 21 F.(2d) 182. It was held in Re Lipman, 65 F.(2d) 366, decided this year by the Circuit Court of Appeals of this Circuit, that specifications filed in opposition to confirming a composition, the specifications stating that the concern filing them was a "creditor" of the bankrupt, constituted proof of claim sufficient to warrant the filing of an amended proof of claim after the expiration of the six-month period.

In certain cases it has been said broadly that wherever there is anything in the record of the case that establishes a claim against the bankrupt, it may be used as a basis for amendment after the expiration of the required time for proving claims, provided substantial justice will thereby be promoted. In re Fant (D. C.) 21 F.(2d) 182, 183; Cotton v. Bennett (C. C. A.) 59 F.(2d) 373, 375. Under such a rule it would seem that the mere listing of a claim in the bankrupt's schedules would be enough; the creditor could years later file what he might call an "amended proof of claim" and obtain its allowance. If this be the law, there is almost nothing left in the requirement that claims be proved within six months after adjudication. I know of no case in this circuit that goes to such a length. In all of them there was an assertion by the creditor of a claim within the required period, and I take it that some such action on the part of the creditor is necessary to permit an amendment.

In the present case the bank filed a petition for examination of the bankrupt and in the verification of the petition it is referred to as a creditor. The order entered upon the petition recites that it is entered on motion of a creditor. The nature and amount of the claim are nowhere stated, and it is manifest that the bank never intended that this petition be deemed a proof of claim. But it was certainly as efficacious as the specifications in opposition to a composition in the Lipman Case, supra. It was a declaration by the bank that the relationship of creditor and debtor existed between it and the bankrupt;

it is part of the record in the bankruptcy proceeding; it was made within six months after adjudication. Under the authorities referred to above, particularly the Lipman Case, it is a sufficient proof of claim for the purpose of allowing an amendment after the expiration of the statutory period for proving claims. The application will therefore be granted.