## In re PECK & HILLS FURNITURE CO. et al.

District Court, S. D. New York.
March 1, 1935.

404

Goldman & Frier, of New York City (Israel Slater, of New York City, of counsel), for claimant.

Peter J. McCoy, of New York City (John E. Donnelly, of New York City, of counsel), for trustee.

PATTERSON, District Judge.

Motion was made by a creditor, Mayflower Colonial Shop, for an order allowing the filing of an "amended claim" against the bankrupt estate. The referee denied the motion.

The bankrupt was adjudicated on August 29, 1933. The last day for filing proofs of claim by creditors was consequently February 28, 1934. This claimant on November 14, 1933, filed a petition in reclamation, asserting that it had delivered furniture to the bankrupt on consignment, that the articles were in possession of the bankrupt, and that title to them remained in the claimant. Return of the articles was demanded. A schedule annexed to the petition listed numerous pieces of furniture, with figures in dollars after them; the total came to $4,840.75. After negotiations with the trustee, certain of these articles were delivered to the claimant. No formal disposition of the reclamation claim seems to have been made.

The claimant made the present motion on December 17, 1934, long after the time for filing claims. The moving papers set forth the foregoing facts concerning the reclamation claim and stated that "through inadvertence, no claim was filed by the claimant for the merchandise not returned to the claimant in accordance with the reclamation petition," which merchandise was valued at $3,137.25 as shown by an attached schedule. It is sought to file proof of a general claim for $3,137.25.

The claimant's position on the argument was that it had filed proof of claim (the reclamation petition) within the required time and that the present motion, being only to file an amendment to such proof of claim, should have been granted. The referee had rejected this argument. In my opinion the referee's ruling was right.

Claims may not be filed after the expiration of six months from adjudication. Bankr. Act § 57n, 11 USCA § 93 (n); In re Rothbell, 6 F. Supp. 244 (D. C. N. Y.). But claims filed within the permissible period may be amended after its expiration (Hutchinson v. Otis, etc., Co., 190 U. S. 552, 23 S. Ct. 778, 47 L. Ed. 1179), and in applying this rule liberality is allowed both as to the sort of document that will suffice for an original claim and as to the character of amendment that will be sanctioned. In re G. L. Miller & Co., Inc., 45 F.(2d) 115 (C. C. A. 2); In re Lipman, 65 F.(2d) 366 (C. C. A. 2); In re International Match Corporation (C. C. A.) 69 F.(2d) 73. The question here is the one so frequently presented, whether there was any paper filed within six months that can reasonably be called an original proof of claim.

The reclamation petition was not a proof of claim, either in form or in substance. In that petition the claimant merely alleged that it had delivered tangible property to the bankrupt on consignment, and the claimant demanded return of such property. No claim of debt was made for the money value of articles incapable of return for any reason, nor was there any standing order in the case that reclamation claims, if denied, might be deemed general claims. There may be cases where the contents of a petition in reclamation might be treated as an assertion of general claim, sufficient to serve as a basis for later amendment, but the present case is not of that character. Indeed, the claimant pleaded itself out of court when it alleged in its moving papers that "through inadvertence no claim was filed by the claimant for the merchandise not returned."

The order of the referee will be affirmed.