### In re FIEGEL.

District Court, S. D. New York.
Sept. 20, 1937.

J. Leonard Stoll, of New York City (Saul E. Rogers, of New York City, of counsel), for trustee.

Root, Clark, Buckner & Ballantine, of New York City (Arthur A. Ballantine and V. Henry Rothschild, 2d, both of New York City, of counsel), for Criterion Advertising Co., Inc.

PATTERSON, District Judge.

The motion is by a creditor for leave to file an amended proof of claim against a bankrupt estate. The referee granted the motion over the opposition of the trustee in bankruptcy.

The bankrupt was in the advertising business. On obtaining contracts from advertisers, it was his practice to assign the contracts to the creditor for performance. By contract of August 17, 1932, it was agreed that the creditor would pay him a commission of 16⅔ per cent. of moneys collected on the contracts, to be paid as collections came in from the advertisers. The

creditor, however, was to advance to the bankrupt one-third of the commissions at the time of assignment. The contract also recited that advances beyond the agreed one-third had been made, such advances being evidenced by the bankrupt's notes, and it was agreed that commissions as collected by the creditor were "to apply to all advances, including the interest on the notes."

The bankrupt filed a voluntary petition on October 6, 1934, and was adjudicated on the same day. The original proof of claim, filed on April 5, 1935, set forth a claim on notes and advances for $110,979, less commissions credited to the bankrupt of $25,238.15, leaving an unpaid balance of $85,740.85. The creditor received moneys from time to time on the assigned contracts and applied the part representing the bankrupt's commissions in reduction of the indebtedness on the notes. On June 16, 1937, the trustee demanded that the creditor turn over all commissions received after the bankruptcy, stating among other things that the creditor had filed proof of claim as an ordinary creditor, and was therefore not authorized to apply commissions against the notes. The creditor thereupon brought the present motion for leave to file an amended proof of claim. The proposed amended proof is for $111,604 advanced to the bankrupt, less commissions credited ($15,494 prior to bankruptcy and $9,282.09 since bankruptcy) and to be credited in the future, and less also the value of two chattel mortgages securing an advance of $3,000. The contract of August 17, 1932, is annexed, and the right to apply commissions payable against the advances is claimed. The notes and advances representing the claim are, with one minor variance, the same as in the original proof of claim. In the moving papers the creditor states that it did not intend to waive any of its rights under the contract when it filed the original proof of claim, and that the original proof of claim was prepared by the comptroller after consulting an attorney, without discussion about the need of making specific mention of the 1932 contract.

The trustee in bankruptcy contends that leave to amend should be denied, first, because the creditor is endeavoring to file a new claim under the guise of an amendment; second, because the creditor practiced fraud and concealment in trying to cover up the application of commissions against the advances made to the bankrupt.

Amendments to claims in bankruptcy are freely allowed where the purpose is to cure defects in the claim originally filed, to supply greater particularity to the claim, or even to plead a new theory on facts already given in the claim. They are not permitted where the effort is to substitute an entirely different cause of action after the time for filing claims has expired. In re G. L. Miller & Co., 2 Cir., 45 F.2d 115; In re Marshall's Garage, 2 Cir., 63 F.2d 759. A distinction quite similar is taken on amendments of claims for refund of taxes. United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626. A creditor who has security for his claim but has inadvertently filed proof of claim without mention of the security is generally allowed to amend so as to plead the security and thus preserve it. Hutchinson v. Otis, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179; Lewith v. Irving Trust Co., 2 Cir., 67 F.2d 855. In this case the proposed amendment does not change the cause of action. The original claim was on the notes, less commissions credited against them. The amended claim is on the same notes, less the commissions; but the creditor desires also to plead the contract under which it asserts the right to credit commissions against the notes, for fear that otherwise there might be force in the point that by its proof of claim it had waived the benefit of the contract. The creditor also has in mind pleading the chattel mortgage which was security for one of the notes. As to both features, the contract concerning advances and the chattel mortgage, the amendment introduces no radical change and is within permissible limits.

The charge of fraud and trickery against the creditor is only a theory. When the creditor filed the original claim, it is said, there was a conscious effort to conceal the continued application of commissions against the notes, in the hope that the trustee would not be led to claim the commissions as property of the bankrupt estate. But there is no reason to doubt the sworn statements of the creditor's officers that they believed that there was a right to apply commissions against the debt and that they prepared the proof of claim without the deliberate design of which they are accused. There is no force in the argument that other creditors were influenced not to file claims by the form of the proof of claim. For one thing, the proof of claim was filed on the last day, and it is fantastic to suppose

that if it had been in the form now suggested others would have read it immediately and would have rushed to file claims also. Moreover, any creditors who failed to file claims have no interest in the bankrupt estate and will not be prejudiced by allowance of amendment to this particular claim.

Whether the creditor had the right to apply commissions coming in after bankruptcy in reduction of its claim against the bankrupt is a matter to be attended to at the proper time. The merits of that controversy are not relevant now.

The referee's order allowing the amendment will be affirmed.