### In re MORGEN DRUG CO., Inc.

#### No. 75884.

District Court, S. D. New York.

Dec. 2, 1941.

346

J. Rhodes O'Reilly, of New York City (George Kossoy, of New York City, of counsel), for trustee.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Bernard H. Sherris, both of New York City, of counsel), for petitioner.

LEIBELL, District Judge.

The City of New York petitioned the Court to review an order of a Referee in Bankruptcy denying petitioner's motion for leave to file an amended proof of claim.

The facts are not in dispute. Petitioner timely filed on September 26, 1940, a proof of claim for sales taxes for the years 1934–1940 in a lump sum of $1,000 and for the years 1933–1939 for business taxes in a lump sum of $500.00, allegedly owed to it by the bankrupt. The proof of claim expressly stated: "Notice is hereby given that the Comptroller of the City of New York reserves all of the City's rights to make a determination of additional tax in accordance with the provisions of the Local Laws, and file an additional claim therefor."

The time for filing claims admittedly expired November 16, 1940, pursuant to Section 57, sub. n, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n. That section provides: "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however, That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or subdivision thereof: * * *"

On August 15, 1941, the City filed an amended claim. The amended claim set forth certain specific amounts due for sales taxes for each of the calendar years for the period beginning May 1, 1936, and ending March 12, 1940. It also listed specific amounts for business taxes for various periods between May 1, 1936, and April 30, 1937, and for all of the years 1937, 1938 and 1939. The total claimed for Sales Taxes was $2,346.94 and for Business Taxes, $283.81. Upon objection by the trustee the Referee concluded that insofar as said amended claim increased the original claim it constituted an additional claim and as such was barred as not having been filed within the statutory six-month period. Sec. 57, sub. n.

What was asserted in the original claim was a claim for taxes on sales made within certain periods and for the privilege of doing business within certain periods, all under certain specified Local Laws. The same form (B–202) was used both for the original claim and the amended claim. The form, in its first column states the "Nature of Tax" and "Local Law Involved". These were the same on both the original and the amended claim. The second column is headed "Year or Taxable Period". In the original claim the taxable period asserted for the Sales Tax was "12/10/34 to 3/12/40"; for the Business Tax, the seven years 1933 to 1939 inclusive were listed. In the amended claim, the taxable period specified was for a shorter period than that stated in the original claim. Nothing was claimed for any period prior to May 1, 1936, and the latest date claimed was the same as in the original claim. In effect, therefore, the essence, nature or substance of the claim has not been changed.

The third and fourth columns of form B–202 are headed "Tax" and "Interest-Penalty" respectively. No sums were specified in those columns in the original claim, but in the amended claim a specific sum for

each of the various years or periods is asserted in the tax column and interest on each sum is set forth in the fourth column.

The last column on form B-202 is headed "Total". In the original claim in this last column a lump sum of $1,000 for sales taxes for the entire period December 10, 1934, to March 12, 1940, is stated and a lump sum of $500 as the Business Tax for the full seven years 1933 to 1939 inclusive. In the amended form there is carried over into this "Total" column, for each year or period, a specific sum representing the tax for that year or period plus the interest. The total of the totals for Sales Taxes is stated at $2,346.94 and the total of the totals for Business Taxes is stated at $283.81. It will be noted that the total of the Business Taxes claimed in the amended return was $216.19 less than the lump sum originally claimed but that the total of the Sales Taxes claimed was $1,346.94 higher than the amount of Sales Taxes originally claimed.

■ The Referee held that the amended claim was an enlargement of the original claim and to the extent of the enlargement was a new claim, which was barred by the time limitations of Section 57, sub. n, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n. All the City did in filing the amended claim was to state its claim more accurately. An amended claim may properly do that. In re Marshall's Garage, 2 Cir., 63 F.2d 759, 763.

Judge Swan wrote in Re Marshall's Garage, supra: "Courts of bankruptcy are most liberal in allowing amendments to make formal proof of a claim based on facts which have been brought to the attention of the trustee within the statutory period."

Judge A. N. Hand expressed similar views in Re Lipman, 2 Cir., 65 F.2d 366, 367: "The question before us is whether the claim was filed in time and the amendment was properly allowed. Section 57 sub. n of the Bankruptcy Act, as amended May 27, 1926, 11 U.S.C. § 93 sub. n, 11 U.S. C.A. § 93 sub. n, provides that: 'Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication. * * *' It is well settled by decisions of the Supreme Court and lower federal courts that this section does not bar amendments filed after the expiration of the statutory period. Hutchinson v. Otis, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179; In re Kessler [2 Cir.], 184 F. 51; In re Faulkner [8 Cir.], 161 F. 900; In re Basha [2 Cir.], 200 F. 951; In re Roeber [2 Cir.], 127 F. 122; Globe Indemnity v. Keeble [4 Cir.], 20 F.2d 84; In re Rothert [7 Cir.], 61 F.2d 1."

See, also, In re Hamilton Automobile Co., 7 Cir., 209 F. 596, 599, in which the Seventh Circuit permitted an amendment to increase the amount of a claim, saying: "The claim had been filed within the year. By reason of further proceedings it became apparent that justice required it should be amended and allowed for a larger amount than that claimed when it was first presented, but for the same claim or subject-matter."

See, also, In re Faulkner, 8 Cir., 161 F. 900.

The reason for the allowance of an amendment, after the expiration of the statutory period for filing the original proof of claim, is stated by Mr. Justice Holmes in Hutchinson v. Otis, 190 U.S. 552, 553 at page 555, 23 S.Ct. 778, at page 779, 47 L.Ed. 1179, as follows: "It is argued that the allowance of the amendment is within § 57 sub. n, forbidding proofs subsequent to one year after the adjudication, etc. The construction contended for is too narrow. The claim upon which the original proof was made is the same as that ultimately proved. The clause relied upon cannot be taken to exclude amendments. An example similar in principle is the allowance of an amendment setting up the same cause of action after the statute of limitations has run, when the original declaration was bad."

■ It is argued that the amendment prejudices general creditors in that the City's claim, if allowed, is entitled to priority over general claims. However, Congress has granted such priority to claims for taxes and it is not the function of the Court to quarrel with such legislative classification. No dividends have been paid on any claims filed in this estate in bankruptcy. No party will be prejudiced by the allowance of the amendment herein except insofar as it may give the City a priority status for a larger amount than it originally claimed. Such disappointment of general creditors in the diminution of their dividend is no sound reason for denying the amendment herein, as they were never entitled to receive a larger dividend at the expense of the petitioner, if the amounts set forth in the amended claims are due. As the Court said in Re Jayrose Millinery Co., 2 Cir., 93 F.2d 471 at page

348

474: "* * * the mere disappointment of creditors in finding that an unexpected claim exists is not sufficient reason to exclude the tardy claimant, and particularly is this true in respect to tax claims. See, also, In re Star Spring Bed Co. [3 Cir.], 265 F. 133, 137; In re Keyes [D.C.D. Mass], 160 F. 763."

 From the foregoing considerations I have concluded that the Referee should have allowed the amendment. Accordingly, the order of the Referee, denying the City's motion to compel acceptance of the amended claim, is reversed. The amendment is allowed, and the matter is remitted to the Referee for further proceedings.

Settle order.