## In re GARFIELD BAG & STATIONERY CO., Inc.

District Court, S. D. New York.

Dec. 9, 1941.

Joseph Krinsky, of New York City, for trustee.

William C. Chanler, of New York City (Sol Charles Levine, Bernard H. Sherris, and Jacob Slove, all of New York City, of counsel), for City of New York.

CONGER, District Judge.

This is a petition to review the order of the Referee in Bankruptcy which reduced the filed claim of the City of New York for sales and business taxes due from the bankrupt in the sum of $2,750 to $153.15.

The City of New York duly filed an original proof of claim for sales and business taxes in the respective sums of $2,500 and $250. Some seven months after the last day to file claims, the City attempted to file an amended proof of claim, but the Referee refused to accept it on the ground that it was a new claim and was too late.

The Trustee moved to reduce or expunge the City's claim and a hearing was held before the Referee. The Referee again refused to accept the amended proof of claim in evidence and requested the City to offer proof on its original claim. The City, through an accountant, offered proof that upon an audit of the bankrupt's books it appeared that the bankrupt owed the City for sales and business taxes, inclusive of interest, $2,660.70 and $89.48 respectively.

The Trustee offered no proof whatsoever, nor any explanation for lack of proof. The Referee, after refusal to take the amended claim, thereupon reduced the sales tax claim to $63.67, and the business tax claim to $89.48, there being no question but that these sums, at least, were owed by the bankrupt.

After the original argument of this review, I decided: "I have come to the conclusion, from reading the cases cited by the Corporation Counsel, that the amendment to the claim of the City of New York should have been allowed by the Referee. The amendment is the same claim as originally filed. It does not change the nature of the claim. The courts say that great liberality should be allowed in amending claims when the original claim was filed in time, and the amendment does not change the nature of the original claim. (See Hutchinson v. Otis, 190 U.S. 552 [23 S.Ct. 778, 47 L.Ed. 1179]; In re Lipman [2 Cir.], 65 F.2d 366; In re Fiegel [D.C.], 22 F.Supp. 364; In re Quality Pub., Inc., [D.C.] 12 F.Supp. 651)."

I allowed the City to submit additional proof, due to the fact that the brief of the City contained the following statement: "Competent and relevant testimony could only be offered to support the September 1940 proof of claim. The City could not have a full opportunity to support its amended claim of May 12, 1941, and therefore it has been seriously prejudiced. The Trustee sought that testimony in connection with the amended claim which he thought would help his case."

The attorneys have now stipulated that an affidavit of one Irving Schachter, an accountant in the office of the Comptroller of the City of New York, be submitted as part of the evidence before this Court and is to be considered part of the record herein.

Chapter 41, Titles E and N of the Administrative Code of the City of New York (also known as Local Laws of the City of New York, Nos. 20 of 1934, published as No. 21, p. 143, 29 of 1935, p. 147, 31 of 1936, p. 145, 20 of 1937, p. 239, 21 of 1938, p. 263, 101 of 1939, p. 219, and 79 of 1940, p. 352) imposes the Sales Tax on receipts from retail sales. Section N41—2.0, subd. i provides:

"For the purpose of the proper administration of this title and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for property and services mentioned in this section are subject to tax until the contrary is established, and the burden of proving that a receipt is not taxable hereunder shall be upon the vendor or the purchaser. Unless the vendor shall have taken from the purchaser a certificate signed by and bearing the name and address of the purchaser and the number of his registration certificate to the effect that the property or service was purchased for resale, the sale shall be deemed to be a taxable sale at retail."

The Referee has found that the bankrupt was in business from 1934 up to and including March, 1940; that during that period the bankrupt corporation, through its proper officers, filed tax returns with the City of New York quarterly, pursuant to the above cited laws; that in these returns the bankrupt deducted various amounts, claiming that they were not subject to the sales tax, because the persons to whom the goods in question were sold had resale certificates or that the goods in question were sold outside the City of New York and therefore were not subject to the tax; that during the entire period the City of New York did not make any attempt to verify the propriety of the deductions, made no audit of any kind, but accepted the returns filed.

It is well established in bankruptcy proceedings that a verified proof of claim is prima facie evidence of the validity of the claim, and when filed, the presumption of its validity can be rebutted only by clear and convincing evidence (Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584; In re General Film Corp., 2 Cir., 274

711

F. 903; In re Hannevig, 2 Cir., 10 F.2d 941), and the presumption is accorded great weight in tax claims (In re Bradley, 2 Cir., 16 F.2d 301; In re Lang Body Co., 6 Cir., 92 F.2d 338, certiorari denied Hipp v. Boyle, 303 U.S. 637, 58 S.Ct. 522, 82 L.Ed. 1097; In re Raflowitz, D.C., 37 F.Supp. 202).

In the instant case the presumption of the validity of the tax claim is not based on an arbitrary figure, but upon an amended claim after an audit of the bankrupt's books, and upon the testimony of the accountant who made the audit. True, the audit was based only upon the bankrupt's books of 1939 and a portion of 1940, but no other books were furnished the accountant. From his audit, the accountant found no re-sale certificates, although from bankrupt's first return to his last the deductions taken ranged progressively from 22% to 75–80%. The accountant fixed an arbitrary figure of 25% of the total sales as deductible nontaxable receipts. In the affidavit submitted herein as part of the record, the accountant in charge of this division in the Comptroller's Office, states that the average deduction of other stationery and printing firms, who cater to millinery and allied trades in the same neighborhood as bankrupt, is between 5% and 22%, and that therefore the 25% deduction allowed bankrupt is fair and reasonable.

The Trustee has not rebutted, nor attempted to rebut, the City's proof. The fact that the Referee had before him the returns of the bankrupt showing the tax he did pay is not evidence sufficiently clear and convincing to rebut the City's presumption of a valid claim. Section N41—2.0, subd. i, quoted above, places the burden upon the taxpayer to establish that a receipt of his sale is not taxable. A deduction on the ground that the purchase was for re-sale purposes, or that the purchase was made outside of the City of New York, taken by the taxpayer in filing his return, paying the tax thereon, gives no rise to an inference that the deduction was proper. Under the above-quoted section the City may at any time question the deduction made and place the burden on the taxpayer to prove the deduction proper.

When the City audited the bankrupt's books herein, the accountant found none of the certificates signed by and bearing the number of the purchaser that the property or service was purchased for resale, or that the sale was outside of the City. Consequently the audit of the bankrupt's books by the City, whereby the City figured the tax now due, is persuasive of its correctness.

The Referee held that the acceptance by the City of regularly filed tax returns by the bankrupt precluded the City from assessing the bankrupt for a tax deficiency on the grounds of laches. But it must be remembered that in the absence of a statute of limitations, or a bar order of the Court, a government may determine its claim so long as undistributed assets remain in the estate. See People of State of New York v. Irving Trust Co., 288 U.S. 329, 331, 53 S.Ct. 389, 77 L.Ed. 815; In re Riemer, 2 Cir., 82 F.2d 162, 164. It follows that the City, which has a priority in the payment of taxes (Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a) cannot be guilty of laches herein.

The Referee has noted that from the testimony of the City's accountant it appears that the tax sought by the City is based upon an arbitrary computation as to the allowable deductions for non-taxable sales arrived at by a determination that the proper deduction should be only 25% of the total sales instead of the higher amounts deducted by the bankrupt. The answer is that the City in the face of no proof that the deductions were proper has allowed a 25% deduction although it could have disallowed all such deductions. The burden of rebutting the City's prima facie evidence was on the bankrupt and the Trustee made no effort to do it. See Matter of L. Gandolfi & Co. Inc., S.D.N.Y., 42 F.Supp. 706, Clancy, J..

The case of In re George F. Redmond & Co., D.C., 17 F.2d 128 is distinguishable from the case at bar. In that case the Court held that the claim was for deficiency in income taxes, and that net income could not be determined from the sales and purchases of a broker alone, while in the instant case the tax is placed on all sales by the law, and which amount is determined only from books of account.

The Trustee not having rebutted the prima facie evidence of the validity of the City's proof of claim, the Referee was in error in not allowing the claim. The petition to review is granted, and the order of the Referee is reversed. Settle order on notice.