### In re GLOTZER et al.

District Court, S. D. New York.

Dec. 9, 1941.

James J. O'Connell, of New York City (George Kossoy, of New York City, of counsel), for trustee.

William C. Chanler, of New York City (Sol Charles Levine, Bernard H. Sherris, and Jay Cohen, all of New York City, of counsel), for City of New York.

CONGER, District Judge.

This is a petition to review an order of the Referee in Bankruptcy which reduced an amended claim of the City of New York for unpaid sales taxes from the sum of $625.02 to $38.64.

The City filed a verified proof of claim for sales taxes in the sum of $2,000 and for business taxes for $250. The Trustee moved for an order expunging or reducing the claim, but before the hearing was held by the Referee, the City filed a verified amended proof of claim for sales tax in the sum of $625.02, which was accepted by the Referee in lieu of the original claim. The business tax is not in issue on this review.

On the hearing before the Referee on the amended claim, he found that the bankrupts were partners in a retail business; that the period in question was from February, 1937, to and including June 30, 1940; that the bankrupts had filed some 14 quarterly returns with the City of New York which had been accepted.

Upon the hearing before the Referee the City offered in evidence its verified amended claim. It was stated on the record that this proof of claim was based upon an audit of the bankrupts' books by an accountant of

the City of New York, although the accountant who made the audit did not testify. The Trustee in Bankruptcy then offered in evidence the 14 sales tax returns filed for the quarterly periods above mentioned, together with the schedules in bankruptcy in which the bankrupts admitted they owed $38.64 for sales taxes.

The Referee requested the City then to offer proof to sustain its proof of claim. The City refused on the ground that the Trustee did not prove, by competent evidence, that the claim filed by the City was incorrect. The Referee then found in favor of the Trustee, and reduced the claim to the above amount ($38.64) not in dispute.

My holding in the case of In re Garfield Bag & Stationery Co., Inc., D.C., S.D.N.Y., 42 F.Supp. 708, opinion filed this day, is controlling generally herein. As I pointed out in that case, a verified proof of claim is prima facie evidence of its validity, and when filed, the presumption of its validity can be rebutted only by clear and convincing evidence. See cases cited therein.

The standard to be used in determining the "clear and convincing evidence" necessary to rebut the presumption of validity, may be found in Section N41—2.0, subd. i, of the Administrative Code of the City of New York, Local Law 79 of 1940, p. 355, which places the burden on the taxpayer to prove that a receipt of sales made is not taxable, and that the deductions made in a return are proper.

The Trustee by placing in evidence the returns of the bankrupts and the schedules in bankruptcy, did not, in my opinion, sufficiently rebut the presumption of validity, thus placing the City in the position of offering proof to support its claim. It might be noted that the City had no opportunity to cross-examine either of the bankrupts on the accuracy of the returns filed. The Trustee did not offer in evidence any "certificate signed by and bearing the name and address of the purchaser, and the number of his registration certificate to the effect that the property or service was purchased for resale", Local Law 79 of 1940, which would be evidence that might show that the City's computations were incorrect. If the proof of the Trustee on the objection to the City's claim had been sufficient to rebut the presumption of validity, there is no question but that the City had the ultimate burden of proving its claim.

The Trustee having failed to rebut the presumption of validity of the City's claim, the petition to review is granted and the order of the Referee reversed. Settle order on notice.