### In re CASEY.

District Court, S. D. New York.

Dec. 15, 1943.

Lewis H. Saper, of New York City, trustee, pro se.

Ignatius M. Wilkinson, Corporation Counsel, of New York City (Sol Charles Levine, Bernard H. Sherris, and Jay Cohen, all of New York City, of counsel), for claimant.

CAFFEY, District Judge.

I. Filing of a claim is prohibited after the elaspe of more than six months after the first date set for the first meeting of creditors (Bankr.Act, § 57, sub. n, 11 U.S.C.A. § 93, sub. n). If, however, a proof of claim has been filed within the prescribed period but it be defective, e. g., through failure to comply with the requirements of section 57, sub. n of the Bankruptcy Act or of General Order No. 21, 11 U.S.C.A. following section 53, by amendment, permitted by the court, that same claim, revised to conform with those requirements, may be filed subsequent to the expiration of the six months.

The rule just stated governing amendments has long been established and is well settled. Among the pertinent decisions are Hutchinson v. Otis, Wilcox & Co., 190 U.S. 552, 555, 23 S.Ct. 778, 47 L.Ed. 1179; In re Brill, D.C., 52 F.2d 636, 638, from beginning of paragraph near bottom of first column to end of first full paragraph in second column, affirmed, 2 Cir., 52 F.2d 639; In re Lipman, 2 Cir., 65 F.2d 366,

from beginning of paragraph near bottom of second column on page 367 to near end of first column on page 368; In re Rothbell, D.C.,S.D.N.Y., 6 F.Supp. 244, second paragraph in right-hand column; and In re Peck & Hills Furniture Co., D.C.,S.D.NY., 10 F.Supp. 403, 404, first full paragraph in right-hand column. See also In re Prindible, 3 Cir., 115 F.2d 21, 23; In re Ebeling, 7 Cir., 123 F.2d 520, 521, paragraph beginning near bottom of left-hand column; and In re Magnet Oil Co., 9 Cir., 119 F.2d 260, 261, second column.

II. It will be enough, by way of illustration, to quote three extracts as follows: In the Hutchinson case, supra, 190 U.S. at page 555, 23 S.Ct. at page 779, 47 L.Ed. 1179, Mr. Justice Holmes wrote, "The claim upon which the original proof was made is the same as that ultimately proved. The clause relied upon [here by the trustee] cannot be taken to exclude amendments. An example similar in principle is the allowance of an amendment setting up the same cause of action after the statute of limitations has run when the original declaration was bad." In the Rothbell case, supra, 6 F.Supp. at page 244, it was said, "Where a proof of claim has been filed within the permissible time, it may be amended after the expiration of the time. * * * The courts have gone far in applying this rule as to amendments. The tenor of the cases is that any assertion of the claim by the creditor that was made within the required period and that appears in the records of the bankruptcy proceeding, whether or not intended as a proof of claim, will serve as a basis for an amended proof of claim." Lastly, the Third Circuit Court of Appeals, in the Prindible case, supra, 115 F.2d at page 23, put the same proposition crisply as meaning that "when a claim has been filed within the statutory period, an amendment thereof may be allowed after the expiration of the time for filing."

■ III. Attached to the petition for review is a paper which was filed with the referee on August 31, 1943 (well within the six months' period). It is indisputable that in this paper the City of New York described a claim owing to it by the bankrupt in the sum of $600, composed of $500 sales tax and $100 business tax. Even if the document had not been signed at all, within the governing decisions heretofore cited it would constitute a claim. It having been introduced into and become a part of the court record before the expiration of the filing period, manifestly, as I feel, the referee properly held that it was amendable. It may be said of this paper, what was said of the paper under consideration in the Magnet Oil Co. case, supra, 119 F.2d at page 261, with respect to what was there called an amended proof of claim previously filed. With regard to this the statement was: "Defects, if any, in the original proof were defects of form only. To cure such defects, amendments are permissible even after the time for filing claims has expired."

IV. The trustee relies on three State court decisions. It seems to me, however, that these are not helpful. What we are here concerned with is the interpretation of a Federal statute. It has been construed by the Supreme Court of the United States, by the Second Circuit Court of Appeals, by this court and by Circuit Courts of Appeals outside of the Second Circuit. With this plenitude of Federal decisions directly dealing with and passing on the matter, it would be useless to resort to State court decisions.

■ V. It is argued that the first of the provisos in subdivision n of section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, stands in the way of an amendment. It is insisted that the court is without power to permit an amendment unless application for it be made preceding expiration of the six months' period. However, as seems clear to me, the proviso referred to has no application here. The duty to seek an extension of time for filing a claim before the end of the six months' period dealt with in the first proviso relates only to instances where no claim at all has theretofore been filed. Here, as I view the matter, a claim had been filed prior to the expiration of the six months' period and what we have to deal with is an amendment of that claim. The mass of decisions I have cited on that aspect of the case plainly relate only to an amendment of a claim which is defective in form that was filed within the six months' period.

■ VI. Lastly, it is implied, rather than insisted, that because the referee's order of November 18, 1943, expunged the claim filed on August 31, 1943, there is left nothing in the case which can be the subject of an amendment. I do not think the order has any such effect. By its very terms the order, in conjunction with the expunging provision, includes leave to

amend. It would be wholly improper to interpret the order so technically as to mean that the claim has been removed beyond the field of amendment.

VII. Motion denied and petition dismissed.