**In re HASLER.**
**Bankr. No. 35926.**

United States District Court,
N. D. New York.

Jan. 21, 1954.

John Angerosa, Schenectady, N. Y., for petitioner Louis Cercone.

Spira & Hershkowitz, Schenectady, N. Y., for creditors.

Benjamin J. Segel, Schenectady, N. Y., for trustee.

Heaword Robinson, Jr., Schenectady, N. Y., trustee.

FOLEY, District Judge.

The petitioner, Louis Cercone, a creditor in the bankrupt estate herein, seeks a review of an order of the Referee in Bankruptcy, Judge Ryan, dated July 9, 1953, denying him leave to file an amended proof of claim. The Referee filed a detailed decision, formal findings of fact and conclusions of law, together with his order of denial.

The factual background of the controversy is amply set forth in the decision of the Referee. The amendment was sought after the time limit of the Act in respect to the filing of claims, Section 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, and was simply to increase the amount of the secured claim filed from $1,500 to $3,000. It is claimed by the petitioner that the amount of $3,000 was due upon a chattel mortgage duly filed in the Schenectady County Clerk's office, and the attorney for the petitioner frankly admits here, as he had before the Referee, that the discrepancy in the amount claimed was due solely to his misconception of the factual and legal situation at the time he filed the proof of claim, caused mainly by his unfamiliarity with bankruptcy matters.

The Referee in his decision says that he does not consider or believe the amendment to be a "new claim." His formal finding of fact, "No. 6," is to the effect that the creditor has waived his right to increase his claim by amendment to $3,000, and is estopped from so doing. The discussion of the Referee in his decision indicates that the basis for this finding is that the filing of the claim in the amount of $1,500.00 "may have influenced the trustee to incur the expenses incident to a public auction sale of the chatteled property." This sale was actually held, although the date of such

sale and the amount received at such sale does not appear. The Referee further says that if the amount claimed had originally been set forth as $3,000, "the trustee may have refrained from assuming the burden of a sale solely for the benefit of one creditor." In the face of the petitioner's contention, that the trustee and his attorney knew on numerous occasions that the amount due on the chattel mortgage was $3,000, it seems necessary for the Referee to go beyond assumptions as to the reliance placed upon the amount set forth in the original proof of claim by the trustee and his attorney. If necessary, proof should be taken upon the knowledge of the trustee and his attorney as to the amount of the claim, and specific findings of fact should be made on such issue, because such knowledge on the part of the trustee and/or his attorney may be important in the exercise of discretion to allow amendment, In re Marshall's Garage, Inc., 2 Cir., 63 F.2d 759; Scottsville Nat. Bank v. Gilmer, 4 Cir., 37 F.2d 227; Cotton v. Bennett, 4 Cir., 59 F.2d 373.

■ The second important basis for the decision of the Referee, and challenged by the petitioner here, is set forth in "Finding No. 7" of the Referee and his second conclusion of law to the effect that the amendment to increase the amount is not one allowable under the controlling judicial decisions. In fairness to the Referee, it was stated upon the argument of this petition for review that two authorities to which this court was referred were not brought to his attention. These authorities are In re Hamilton Automobile Co., 7 Cir., 209 F. 596, 599, and In re Morgen Drug Co., D.C., 42 F.Supp. 345. In the last authority, Judge Leibell refers to the Hamilton case as one that allowed a claim to be amended to a larger amount, when the amount is based upon the same claim or subject matter. In Continental Motors Corp. v. Morris, 10 Cir., 169 F. 2d 315, 317, although corporate reorganization was first involved, it was stated generally, "After the time for filing of claims has passed only such amendments may be made as do not change or alter the ground for recovery set out in the original claim, but *to hold that the amount for which recovery is asked cannot be amended* would place a very narrow interpretation upon the statutory section permitting amendments." (Italics mine.) Attention is then called to the trend of the modern decisions toward the greatest liberality in the allowance of the filing of amended proofs of claim, citing Scottsville Nat. Bank v. Gilmer, supra; In re Marshall's Garage, supra; In re Morgen Drug Co., supra; In re Lipman, 2 Cir., 65 F.2d 366; In re Hamilton Automobile Co., supra.

The matter is remanded to the Referee for further proof, if necessary, and further findings of fact as herein indicated, and for consideration of the judicial decisions set forth above, and it is so ordered.