

<hr />

Okin, Pressler & Shapiro, Fort Lee, N. J., for trustee.

Shapiro, Shiff, Beilly, Rosenberg & Fox, New York City, for Union Local 202 Pension and Welfare Funds.

## DECISION ON MOTION BY UNION LOCAL 202 WELFARE AND PENSION FUNDS FOR ORDER ALLOWING FILING OF CLAIMS

EDWARD J. RYAN, Bankruptcy Judge.

On December 13, 1979, an involuntary petition was filed against Popular Fruit & Produce, Inc. ("Popular"), pursuant to Sections 303 and 701 et seq., of the Bankruptcy Code (the "Code") and in due course an order for relief was made.

By motion heard on August 31, 1981, Union Local 202 Welfare and Pension Funds ("Union") sought leave to file proofs of claim that were late.

The attorney for Union asserted, by way of affidavit, that the proofs of claim were not timely filed because Union had no knowledge of the pendency of the bankruptcy proceeding. This allegation was confirmed in a letter dated August 27, 1981, from the attorney for the trustee in the within proceeding, wherein he noted that although Union was listed as a creditor in the A–1 Schedule, no address was listed, thereby precluding Union from receiving

**In re POPULAR FRUIT & PRODUCE, INC., Debtor.**

**Bankruptcy No. 79 B 10307 (EJR).**

United States Bankruptcy Court, S. D. New York.

June 21, 1982.

written notices concerning the bankruptcy proceedings.

The matter came on for hearing on August 31, 1981, at which time the Court asked the parties for legal authority to support their application. However, the parties failed to supply any legal authority, and the Court then marked the matter submitted.

The relevant provisions to the instant application are Section 501 of the Code and Rules 302(e) and 906(b)(2) of the Rules of Bankruptcy Procedure. According to Section 501, a creditor or any entity liable to such creditor with the debtor, or the debtor or the trustee[1] may file a proof of such creditor's claim. The latter three, however, can file on behalf of the creditor only if such creditor has not timely filed a proof of claim. Since the alleged creditor herein has not timely filed, it is up to another liable entity, the debtor or the trustee to file such late claim.

Pursuant to Rule 302(e), a claim must be filed within six months after the first date set for the first meeting of creditors. There are five exceptions to this time limit, none of which is applicable in the instant case. Since the six-month period has elapsed, the alleged creditor's only possible recourse toward securing a time extension would be pursuant to Rule 906(b). However, the terms of that subsection specifically exclude from the application of the "excusable neglect" doctrine, the filing of claims. Thus, Rule 906(b) is not available to Union.

Since Union is not entitled to file a claim at this late time, its motion is denied.

Settle an appropriate order.