In re Bernard **TEICHMAN**, a/k/a Berish
Teichman, d/b/a B.T. Jewelry
Company, Debtor.

Bankruptcy No. 182–10738–260.

United States Bankruptcy Court,
E.D. New York.

April 22, 1983.

Isaiah Sheps, Great Neck, N.Y., for debtor.

Alan Gelbstein, Brooklyn, N.Y., for creditors.

## DECISION

CONRAD B. DUBERSTEIN, Bankruptcy
Judge.

The court has before it a motion to preclude certain creditors from participating in the debtor's Chapter 13 plan because they did not file claims within the period required by Bankruptcy Rule 13–302(e)(2).[1] That Rule mandates the filing of unsecured claims within 6 months of the date set for the first meeting of creditors under 11 U.S.C. § 341.

---

1. Rule 13–302(e)(2) reads in relevant part:
   Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed

## FACTS

The debtor, Bernard Teichman, a jewelry merchant, filed a Chapter 13 petition in bankruptcy on or about March 17, 1982. The first meeting of creditors under § 341 was scheduled for April 26, 1982. Goldheart International, Lazarus Diamond Co. and J. Stark, creditors of the debtor, failed to appear at this meeting. The court is informed by the parties involved that it is the custom of the trade to effect out of court workouts in cases of this kind. Adhering to that custom the creditors attempted to solve their problems with the debtor outside of the courts but apparently without success. Claiming to have relied on this unwritten custom and the alleged assurances of the debtor, the creditors neglected to file claims against the debtor before the expiration of the statutorily prescribed six month period on October 25, 1982, as provided for by Bankruptcy Rule 13–302(e)(2).

Eventually, on November 1, 1982 the creditors did file claims with this court. The debtor has moved to dismiss the claims as untimely. He relies for his authority on the aforesaid Rule 13–302(e)(2). The creditors oppose the motion primarily on equitable grounds. They argue, in essence, that the debtor deceived them into not filing timely claims. Subsequently, the creditors, apparently suspecting their claims might be dismissed, requested of the trustee in this case, Kenneth Kirschenbaum, Esq., that he file claims on their behalf. The trustee complied with this request. The debtor opposes this action by the trustee arguing that it is not supported by statutory authority. We disagree.

## FINDINGS

11 U.S.C. § 501(c) states that "if a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." The lan-

---

within 6 months after the first date set for the first meeting of creditors in the Chapter XIII case.

guage of this statute is clear and unambiguous. It permits the trustee to file a claim on behalf of a creditor if and when the creditor fails to do so. Moreover, it has been held that this power can be exercised by the trustee "*only* if such creditor has not timely filed a proof of claim." (emphasis added). *In re Popular Fruit and Produce, Inc.,* 21 B.R. 185 (Bkrtcy.S.D.N.Y.1982). The record indicates, and the creditors concede, that their proofs of claim were not timely filed. Accordingly, the trustee had the authority to file proofs of claim on the creditors' behalf. The debtor's motion to preclude the creditors from participating in the distribution under the plan is therefore denied.