In re Rodney D. JEROME, Carol A. Jerome d/b/a Triple J Farm, Debtors.

**Bankruptcy No. 82-230.**

United States Bankruptcy Court,
D. Vermont.

June 13, 1983.

David D. Robinson, Rutland, Vt., trustee, pro se.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of Donald C. Hunt, D.V.M., to enlarge the time for filing his unsecured claim, filed on May 23, 1983, came on for hearing, after notice, with the following appearances:

David D. Robinson, Esquire, Trustee, Pro Se.

Trustee objected to the Motion.

The attorney for the movant notified the Court that he would not appear at the hearing.

This Motion is predicated on excusable neglect based on the misunderstanding of the claimant's secretary as to the time limit for filing a claim. The claimant was notified of the proceedings and should have been aware of the time fixed as the last day for filing claims.

The failure on the part of a party, or his agent, to take proper steps to protect his rights in a legal proceeding does not constitute excusable neglect. See *Greenspun v. Bogan* (1974 CA 1st Cir.) 492 F.2d 375. In this case the Court recognized that Rule 60(b) is a remedial rule which normally receives a liberal construction but at the same time it pointed out that relief should not be given to a defendant where its own internal procedures are at fault. See page 382 of Opinion as follows:

"Rule 60(b) of the F.R.Civ.P. is a remedial rule which normally receives a liberal construction from courts concerned that cases not be decided by default against parties who are inadvertently absent. *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969); *Nicholson v. Allied Chemical Corp.,* 200 F.Supp. 206, 207 (E.D.Pa.1961) But the liberality construction is usually reserved for instances where error is due to failure of attorneys or other agents to act on behalf of their clients, not where the client's own internal procedures are at fault. *Supermarkets General Corp. v. Grinnell Corp.,* 59 F.R.D. 512, 514 (S.D.N.Y.1973)."

In addition, the Bankruptcy Court has no discretion to permit creditors to file untimely proofs of claim for equitable reasons. See in *Re Pigott* (3rd Cir.1982) 684 F.2d 239. Likewise, it has been held that the six months limit for filing claims is mandatory and may not be extended by the Bankruptcy Court. *In Re Evanston Motor Co.* (Bkrtcy.Ill.1982) 20 B.R. 550. See also *Matter of Brown* (Bkrtcy.Ill.1981) 14 B.R. 233.

And in the case of *In Re Alsted Automotive Warehouse, Inc.* (Bkrtcy.N.Y.1982) 16 B.R. 924, it was held that the requirements that a proof of claim be filed within six months is in the nature of a Statute of Limitations. Where there has been no filing within the prescribed statutory period, any claim thereafter filed will be barred. *In Re Matter of Saxe* (Bkrtcy.N.Y.1981) 14 B.R. 161.

It has even been held that where the creditor did not have knowledge of the pendency of bankruptcy proceedings it would not excuse failure to file a claim within six months after the first date set for the first meeting of creditors. *In Re Poplar Trust & Produce, Inc.,* (Bankruptcy Southern District of New York 1982).

Even if the Bankruptcy Court possessed discretionary power to waive the statutory six month filing period for a proof of claim equities would not favor the claim-

266

ant where the claimant had inquiry notice and, as a result, failure to file his proof of claim was the result of his own negligent conduct. *In Re C B S Millwork Supply, Inc.* (Bkrtcy.Pa.1982) 21 B.R. 960.

### ORDER

Upon the foregoing, IT IS ORDERED as follows:

1. The Motion of Donald C. Hunt, D.V.M., filed May 23, 1983, is DENIED.

2. The Proof of Claim is filed "out of time" and the claimant cannot participate in any dividend with unsecured creditors who have filed on time.

In the event that there are sufficient funds in the hands of the trustee to pay all of the unsecured claims filed on time, in full, an Order will be entered permitting the claimant to participate in any surplus.