**In re Dennis J. SULLIVAN, Debtor.**

**Robin LAZAR, Plaintiff,**

**v.**

**Dennis J. SULLIVAN, Defendant.**

**Bankruptcy No. 882–80899–18.**
**Adv. No. 882–0687–18.**

United States Bankruptcy Court,
E.D. New York.

Jan. 25, 1984.

Pinks, Feldman & Brooks, for Debtor, Melville, N.Y., for debtor.

Robert G. Cucinell, Hartsdale, N.Y., for Scarsdale Nat. Bank & Trust Co.

Herman H. Tarnow, New York City, for Robin Lazar.

Richard J. McCord, Glen Cove, N.Y., Trustee.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

This is a motion brought by the trustee to disallow the proof of claim in the amount of $25,000 filed by Robin Lazar (hereinafter "creditor"). The motion is predicated on the assertion that the proof of claim was filed substantially beyond the time permitted by the appropriate Bankruptcy Rules for the filing of proofs of claim by creditors.

## BACKGROUND

In April 1982, the debtor, Dennis J. Sullivan, filed a voluntary petition under Chapter 13 of the Bankruptcy Reform Act of 1978 (hereinafter "Code"). Creditor was listed in the petition as having a claim of $20,000. The claim arose pursuant to a judgment of divorce entered in the Supreme Court of the State of New York, County of Westchester, on December 7, 1981, which incorporated a stipulation entered into in open court on that day. Under that stipulation, debtor was to repay to creditor certain loans made to him by creditor and creditor was to hold, as security for the repayment of these loans, certain specified items of debtor's personal property.

The first meeting of creditors was conducted on May 20, 1982. Thereafter, the debtor filed an amended Chapter 13 plan in July of 1982, wherein the debtor proposed to surrender the items of personal property held by the creditor in full satisfaction of the obligations owed. On October 8, 1982, creditor commenced an adversary proceeding in this court to determine the dischargeability of the debt owed to her. On October 12, 1982 creditor filed an objection to the confirmation of debtor's amended plan. Creditor filed a formal proof of claim on May 19, 1983.

## DISCUSSION

■ The issue presented for resolution is whether either the filing of an objection to confirmation or the commencement of an adversary proceeding to determine the dischargeability of a debt within the prescribed statutory time period for the filing of a proof of claim is sufficient notice of the existence of the claim to enable such plaintiff to file a formal proof of claim beyond the statutory time frame.

This case is brought under the Bankruptcy Reform Act of 1978. Rule 302(e) of the Bankruptcy Rules, applicable to this proceeding, predecessor to current Rule 3002(c), provides in pertinent part that "[a] claim must be filed within six months after the first date set for the first meeting of creditors." This six month filing requirement is a mandatory nondiscretionary statute of limitations, and it may not, therefore, be extended by the courts once it has expired. *In re Pigott*, 684 F.2d 239 (3d Cir.1982); *Tarbell v. Crex Carpet Co.*, 90 F.2d 683 (8th Cir.1937); *In re Alsted Automotive Warehouse, Inc.*, 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982); *In re Popular Fruit & Produce, Inc.*, 21 B.R. 185 (Bkrtcy.S.D.N.Y.1982); *In re Tavares*, 23 B.R. 129 (Bkrtcy. D.R.I.1982); *In re Sems Music Company, Inc.*, 24 B.R. 376 (Bkrtcy.M.D.Tenn.1982).

The date set for the first meeting of creditors in the present case was May 20, 1982. Creditors, therefore, had until November 20, 1982 within which to file their claims. Creditor's filing on May 19, 1983 was substantially beyond the bar date fixed by the governing Bankruptcy Rules and amplificatory case precedent.

■ It should be noted that under Rule 906(b) of the applicable Bankruptcy Rules, predecessor to current Rule 9006(a), the court could ordinarily, upon a showing of "excusable neglect," extend the time periods provided for undertaking a required act. The express language of that subsection, however, states that such a showing may not be made to extend the time period prescribed in Rule 302(e) for the filing of claims. *See In re Popular Fruit, supra* at 186.

However, if the record discloses the timely filing by the creditor of a writing which may be construed as a proof of claim, a bankruptcy court is empowered to treat it as a proof of claim notwithstanding its formal defects. "[I]t is not essential that a document be styled a 'proof of claim,' or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required." *In re Lipman,* 65 F.2d 366, 368 (2d Cir.1933).

■ "Whether formal or informal, a claim must show ... that a demand is made against the estate, and must show the creditor's intention to hold the estate liable." *In re Thompson,* 227 F. 981, 983 (3d Cir.1915); *In re Gibraltor Amusements Ltd.,* 315 F.2d 210 at 215 (2nd Cir.1963); *accord* 65 F.2d at 368.

Once a document meeting these criteria has been found to have been timely filed, it may then be amended to conform with the required formalities of a proof of claim after the expiration of the time designated by the statute for the filing of claims. *In re Gibraltor Amusements Ltd.,* 315 F.2d 210, (2d Cir.1963) *citing Hutchinson v. Otis, Wilcox, & Company,* 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903); *In re Alsted Automotive,* 16 B.R. at 925; *In re Guardian*

*Mortgage Investors,* 15 B.R. 284 (D.M.D. Fla.1981).

■ In the case *sub judice* the creditor both filed her complaint and served a written objection to confirmation within the statutory time period prescribed for the filing of claims. Thus, the court must consider if either writing is sufficient to constitute an informal proof of claim.

The Court of Appeals for the Second Circuit in *In re Lipman,* 65 F.2d at 368, has found that a written objection to confirmation of a composition constitutes a proof of claim in that it makes clear that the objecting party was a creditor with a claim against the debtor and that creditor intended to share in the estate. The court goes on to state "[i]t would be fanciful to suggest that the creditor objected for the sole purpose of preventing the discharge which accompanies confirmation of a composition, and with no intention of protecting his interest as a creditor in the bankrupt estate." *Id.*

Creditor, in the instant case, has similarly filed a written objection to the confirmation of debtor's plan. Under the authority of *Lipman,* such objection discloses both the existence of creditor's claim and creditor's intent to satisfy such claim from debtor's estate. Thus, such objection constitutes a valid proof of claim, sufficient to enable creditor to file an amendment subsequent to the bar date.

Accordingly, the trustee's motion is denied.

It is SO ORDERED.