**In re Harry J. BENEDICT, Doris I. Benedict, Debtors.**

**Bankruptcy No. 85–00727.**

United States Bankruptcy Court, N.D. New York.

Aug. 25, 1986.

Warren V. Blasland, Syracuse, N.Y., Trustee.

Jaeckle, Fleischmann & Mugel, Buffalo, N.Y., for Balboa Ins. Co.; Edward P. Yankelunas, of counsel.

Goldberg, Harding & Talev, Syracuse, N.Y., for debtor; Harold P. Goldberg, of counsel.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The Trustee herein has moved to expunge a claim of Balboa Insurance Company ("Balboa"), on the ground that Balboa filed its formal Proof of Claim after the deadline established for filing the same. The facts are generally not in dispute, and the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B) and § 1334, as well as 11 U.S.C. § 501 ("Code").

Harry J. and Doris I. Benedict ("Debtors") filed their petition for relief under Chapter 13 of the Code on September 5, 1985. The matter was converted to a case under Chapter 7 on July 2, 1986.

Balboa is an unsecured creditor of the Debtors herein by virtue of Debtors having individually agreed to indemnify Balboa for losses it sustained in connection with the issuance of a Miller Act bond to H.J. Benedict and Sons, Inc. On February 26, 1986, Balboa filed a formal Proof of Claim in the sum of $50,296.91, plus interest accrued after November 14, 1985; this figure represented Balboa's claim for indemnity based upon settlement of a claim which had been made against the bond identified above. The bar date for the filing of claims had been set as January 14, 1986.

On October 11, 1985, prior to the initial date set for the first meeting of creditors herein (October 16, 1985), Balboa filed an objection to the confirmation of the Debtors' proposed Chapter 13 Plan. The objection, served upon the Trustee and Debtors' attorney, and filed with the Court, identified Balboa as an unsecured creditor of the Debtors, and asserted objections to confirmation based upon 1) the proposed Plan's failure to meet the "Chapter 7 test" of Code § 1325(a)(4), and 2) that Debtors did not qualify for relief under Chapter 13 inasmuch as their unsecured debt was in

excess of $100,000.00, contrary to Code § 109(e).

On the day prior to the date first set for the Code § 341 meeting and confirmation hearing, Balboa's attorney contacted the Trustee and discussed the objections previously filed. The Trustee indicated the confirmation hearing would be adjourned pending receipt of additional information from Debtors' attorney, and further stated he would require Debtors to amend their schedules and Plan.

The confirmation hearing was in fact adjourned, and at least seven separate telephone conversations were had between Balboa's attorney and the Trustee between October 15, 1985, and December 17, 1985, the eventual date of the confirmation hearing. At one point during these conversations, Balboa's attorney orally informed the Trustee of the amount of the claim.

■ The issue presented is whether Balboa's filing of an objection to confirmation within the statutory time set for filing of proofs of claim is sufficient notice so that a formal proof of claim filed after the bar date acts as an amendment thereto. An analysis of decisions within the Second Circuit indicates it does, and the Trustee's motion must be therefor denied.

■ Federal Rule of Bankruptcy Procedure 3002(c) ("FRBP") provides that

a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code ...

While the predecessor to FRBP 3002(c), Rule 302(e), had been held to establish a mandatory, nondiscretionary statute of limitations for the filing of claims, *see, eg., In re Sullivan*, 36 B.R. 771, 772–73 (Bankr. E.D.N.Y.1984); *In re Jerome*, 31 B.R. 264 (Bankr.D.Vt.1983), current practice allows for the Court's equitable extension of the deadline upon a showing of "excusable neglect". *In re O.P.M. Leasing Serv. Co.*, 48 B.R. 824, 830–1 (S.D.N.Y.1985). The party seeking the extension has the burden of proof, *In re Horvath*, 20 B.R. 962, 966 (Bankr.S.D.N.Y.1982), and must demonstrate "unique or extraordinary" circumstances, *Maryland Cas. Co. v. Connor*, 382 F.2d 13, 17 (10th Cir.1967), "which [are] beyond the reasonable control" of the delinquent party, *In re Manning*, 4 B.C.D. 304, 305 (Bankr.D.Conn.1978). However, where

the record discloses the timely filing by the creditor of a writing which may be construed as a proof of claim, a bankruptcy court is empowered to treat it as a proof of claim notwithstanding its formal defects. '[I]t is not essential that a document be styled a 'proof of claim', or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required.' *In re Sullivan, supra*, at 773 *quoting, In re Lipman*, 65 F.2d 366, 368 (2d Cir.1933).

Hence, while the circumstances presented herein would not substantiate a claim of "excusable neglect" on Balboa's part so as to warrant Court exercise of its equitable powers under FRBP 9006(b), certainly Balboa's timely filing of the objection to Debtors' Plan sufficiently established "the creditor's intention to hold the estate liable" for a claimed obligation. *In re Thompson*, 227 F. 981, 983 (3d Cir.1915); *In re Gibraltor Amusements Ltd.*, 315 F.2d 210, 215 (2d Cir.1963); *accord In re Lipman, supra* at 368. Once filed, the informal writing is susceptible to amendment *after* the expiration of the deadline for filing proofs of claim, so as to bring it into conformity with the required formalities of FRBP 3001. *cf. In re Sullivan, supra* at 773 (former Rule 302); *Conway v. Union Bank of Switzerland*, 204 F.2d 603, 606, n. 4 (2d Cir. 1953); *In re High Point Seating Co.*, 181 F.2d 747, 750 (2d Cir.1950); *In re Gibraltor Amusements Ltd., supra* at 214–5, *citing Hutchinson v. Otis*, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903) (Holmes, J.); *accord, In re Thornlimb*, 37 B.R. 874, 875 (Bankr.D.R.I.1984).

Balboa's written objection to confirmation of Debtors' Plan constituted an informal proof of claim which was subsequently amended by the formal proof of claim filed February 26, 1986, *In re Lipman, supra* at

368; *In re Sullivan, supra* at 773, and thus,

IT IS ORDERED:

1. The Trustee's motion to expunge the claim of Balboa Insurance Company is denied.