**In re Kenneth SITZBERGER, Debtor.**

**Bankruptcy No. 83–00137–P11.**

United States Bankruptcy Court,
S.D. California.

Sept. 26, 1986.

Peter K. Nunez, U.S. Atty., Robert H. Plaxico, Asst. U.S. Atty., San Diego, Cal., for I.R.S.

Randolph C. Houts, Robert D. Middendorf, Sullivan, Delafield, McDonald & Middendorf, San Diego, Cal., for trustee.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I.

## INTRODUCTION

At issue in this matter is whether the claim of the Internal Revenue Service (hereinafter "IRS") against the debtor's estate for delinquent income taxes should be disallowed due to the fact that the proof of claim submitted by the IRS was filed after the claims bar date.

## II.

### SUMMARY OF FACTS

On January 12, 1983, Kenneth Sitzberger (hereinafter "the debtor") filed a Chapter 11 petition for relief. The debtor did not schedule any taxes as being due to the United States in his petition.[1] Upon application of the debtor, an August 31, 1983 bar date for filing proofs of claim was set by the court. Notice of the claims bar date was timely served on the IRS.

On January 1, 1984, the debtor died and a trustee was appointed on February 16, 1984 to manage the Chapter 11 estate. On June 6, 1984, this court entered an Order approving the employment of an accounting firm to, *inter alia,* prepare the debtor's tax returns. On January 31, 1985, the trustee filed the debtor's 1981 Federal Income Tax Return. This return showed a tax liability due to the IRS in the amount of $14,076.00. The IRS filed a proof of claim on March 21, 1985, based solely upon the return filed by the trustee.

On March 20, 1986, the trustee filed his Notice of Hearing on Trustee's Objections to Claims. The trustee objected to the claim of the IRS claim on the grounds that a) the claim was untimely, b) the liability of the debtor was not sufficiently documented, and c) the debt was unscheduled.

On April 23, 1986, this court heard the trustee's claim objections and opposition thereto by the IRS and took the matter of the objection to the IRS's claim under submission. On June 11, 1986, the trustee filed supplemental points and authorities in support of his objection. The IRS filed its reply on June 26, 1986.

## III.

### DISCUSSION

■ This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This proceed-ing is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) which provides that all core proceedings include ... "allowance or disallowance of claims against the estate."

In this case it is undisputed by the parties that the IRS filed its claim after the claims bar date set by the court. The trustee argues that due to the tardiness of the IRS's proof of claim, the claim should be disallowed in its entirety or that the claim, if allowed, should be allowed as a tardily filed claim and subordinated to all other timely claims pursuant to 11 U.S.C. § 726.

It is the IRS's contention that the claim should be allowed in its entirety. The IRS contends that due to the unique factual circumstances of this case, it was not possible for it to file a timely proof of claim. In support of this contention the IRS points out that when the debtor filed his petition he did not schedule any taxes being due the IRS and at the time of the bar date's passing on August 31, 1983, the debtor's 1981 tax return had not even been filed. The IRS submits that it would not be administratively possible to file a protective proof of claim in every Chapter 11 proceeding,[2] just in case the debtor might be liable to the United States.

The IRS also notes that the court does have the power to extend the time in which a proof of claim can be filed. Bankruptcy Rule 3003(c)(3) provides that:

> The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

The IRS further asserts that the court is empowered under 11 U.S.C. § 105(a) to extend the time in which a proof of claim can be filed in an appropriate case.

While the IRS cites no case authority in support of its position, it is the opinion of this court that this is an appropriate case for the court to extend the time for filing of the proof of claim of the IRS. Bankruptcy Rule 3003(c)(3); 11 U.S.C. § 105(a).

---

1. The debtor listed taxes owing to the IRS for 1981 as "unliquidated" and amount "unknown."

2. For the 12 month period ending September 30, 1985 there were 22,602 Chapter 11 petitions filed nationwide. *See,* Federal Judicial Workload Statistics, Appendix F–2.

The trustee has cited several cases in support of his argument that the IRS's claim should be disallowed in its entirety or, in the alternative, if allowed, allowed as a tardily filed claim and subordinated to all other timely claims pursuant to 11 U.S.C. § 726(a)(3). *In re W.T. Grant Company,* 53 B.R. 417 (Bankr.S.D.N.Y.1985); *In re Computer Devices, Inc.,* 51 B.R. 471 (Bankr.D.Mass.1985); *Biscayne 21 Condominiums Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.),* 767 F.2d 814 (11th Cir.1985); *In re Central Foundry Co.,* 48 B.R. 895 (Bankr.N.D.Ala.1985); *In re Tri-State Homes, Inc.,* 56 B.R. 24 (Bankr.W.D.Wis.1985); *In re Davidson Lumber Company,* 47 B.R. 597 (Bankr.S. D.Fla.1985);[3] and *In re International Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985). This court finds that each of the aforementioned cases are factually dissimilar to the case at bar and are unpersuasive in light of the unique factual circumstances of the instant case.

Excepting *Biscayne 21 Condominiums Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp., supra,* each of the cases relied upon by the trustee involve a situation where a party or entity attempted to amend a previously filed claim. Although the cases relied upon by the trustee provide a general discussion of the allowance and policy behind timely filing proofs of claims, the aforementioned cases do not present any of the compelling facts or circumstances currently before the court. In the instant case, the issue is not whether to allow an amendment to a claim, but whether this court will "deem" as timely filed an initial claim filed after the claims bar date.

In *Biscayne 21 Condominiums Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.), supra,* the Court of Appeals for the Eleventh Circuit held that the bankruptcy court did not abuse its discretion in refusing to allow a creditor to file a proof of claim 18 days after the claims bar date. The court found that Bankruptcy Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(b). *Id.* at 817. Rule 9006(b) provides that when a party moves for an extension of time *after* the expiration of the time period, the party must show that its failure to act before the court's deadline was the result of the excuseable neglect. Courts have interpreted excuseable neglect under Rule 9006(b) as requiring the movant to show "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Id.* (Citations omitted).

The court also found that the failure to file a timely proof of claim was not the result of anything beyond the reasonable control of the creditor, but was due rather to counsel's failure to determine whether a proof of claim had already been filed. *Id.* at 818. In the present case however, the failure to file a timely proof of claim was certainly beyond the reasonable control of the IRS. The IRS was unaware that it was a creditor of the debtor until well after the claims bar date. Therefore, *In re South Atlantic Corporation* is distinguished from the case currently before the court.

The trustee's most persuasive authority for his argument is *In re International Horizons, Inc.,* 751 F.2d 1213 (11 Cir.1985). In *In re International Horizons, Inc.,* the IRS filed proofs of claim for unpaid withholding taxes and Federal Unemployment Tax Act (FUTA) taxes prior to the claims bar date. Additionally, the debtor was aware prior to the claims bar date that the IRS would also claim unpaid corporate income tax. After the claims bar date the IRS filed a notice of deficiency for corporate income tax. The IRS then attempted to file an amended claim, which added the corporate income tax to the already timely filed withholding claim. The debtor attacked the post bar date income tax claim and prevailed by summary judgment in bankruptcy court. The bankruptcy court

---

**3.** Although the trustee cites *In re Davis,* 47 B.R. 599 (Bankr.S.D.Fla.1985), this Court assumes the trustee meant to cite *In re Davidson Lumber Company, supra.*

was affirmed by the United States District Court for the Northern District of Georgia.

The government appealed and the United States Court of Appeals for the Eleventh Circuit affirmed. In affirming, the court of appeals held that the attempted amendment by the IRS would not be allowed because it was an attempt to state a new claim when the estate had not been provided with any notice of the claim prior to the claims bar date. *Supra* at 1216. The court also noted that the IRS should not be treated specially merely because it was a government unit and that the IRS had acted negligently in not filing some pre-bar date notice of its claim. *Supra* at 1219.

In *In re International Horizons, Inc.*, the IRS was aware of a possible corporate income tax liability but apparently delayed in their investigation and failed to either file a proof of claim for corporate income taxes or request an extension of time prior to the claims bar date. In fact, the IRS failed to take any action regarding the corporate tax claim until thirteen months after the claims bar date and one month prior to the confirmation hearing. At the confirmation hearing debtor's counsel indicated that the plan would allow for payment of *actual* tax liability as found by the bankruptcy court, and that the government, which had not actively participated in the numerous hearings and conferences which occurred in the twenty-one months of negotiations prior to the confirmation hearing, was aware that the debtors felt they would have to pay no corporate income taxes and that it was unlikely that the debtors could pay those tax claims and other creditors' claims as well. Still, the government stated that the plan should be confirmed, as it ultimately was. *In re International Horizons, Inc.*, 751 F.2d at 1215. The court of appeals found that such an "ambiguous message", as to whether the IRS would enforce a possible corporate tax liability, did not amount to even an informal proof of claim. *Id.* at 1218.

In finding no abuse of discretion in the bankruptcy court's equitable consideration of the IRS's reorganization posture relating to the amended claim the court of appeals cited the bankruptcy court's analysis of *In re Ms. Glamour Coat Company*, 80–2 U.S.T.C. para. 9737 (S.D.N.Y. October 8, 1980), as follows: [4]

> This Court [refuses] to allow the Service to amend its proof of claim. While the debtor and its creditors acted with knowledge of the potential of the IRS's asserting the claim for corporate income taxes in these cases, when balanced against the Service's behavior, it would not be appropriate to grant the Service leave to amend. The Service has disregarded its internal procedures concerning the filing of proofs of claims for unliquidated or disputed claims and has offered no justification for its failure to act timely. While amendments are to be freely allowed where justice so requires: ... The Service's unexplained negligence does not present an instance under which justice or fairness requires the allowance of an amendment.

*In re International Horizons, Inc.*, 751 F.2d at 1216.[5]

The trustee asserts that in the instant case the IRS is in a far worse position than it was in *In re International Horizons,*

---

**4.** The district court, after *de novo* review of the record, adopted in full and affirmed the findings of fact and conclusions of law set forth by the bankruptcy court.

**5.** The factors enunciated in *Ms. Glamour Coat Company,* are as follows:

1. Whether the debtors and creditors relied upon the Service's earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would be filed pending the completion of an audit;

2. Whether other creditors would receive a windfall by the Court's refusing to allow amendments;

3. Whether the Service intentionally or negligently delayed in filing it proof of claims stating the amount of corporate tax due;

4. The justification for failure of the Service to file for a timely extension to the bar date; and

5. Whether equity requires consideration of any other factors.

*In re International Horizons, Inc., supra* at 1218.

*Inc.* due to the fact that the IRS did not file any kind of estimated claim or other informal claim which would have given the estate or other creditors notice of its intent to file a claim against the estate. The trustee reasons as follows: According to the foregoing authority, the IRS would be barred in this case from filing an amended claim. If an amended claim could not be filed, a new claim cannot be filed either. This court disagrees with this logic.

In this case, the debtor's scheduling of the 1981 tax claim amount as unknown cannot be used to impute knowledge to the IRS that a proof of claim was needed. Apparently, the debtor had received a refund for tax year 1980 in the amount of $423.00. The IRS contends that based on the previous filing history of the debtor, the debtor would most likely have been entitled to a refund for the tax year 1981. The IRS contends that it had no basis by which to predict a tax liability for the tax year 1981.

This court finds therefore that the IRS was not negligent for not requesting an extension of time to file a claim nor for not filing a timely protective claim. The IRS was not given reason to believe that a tax liability was due the IRS until the trustee filed the taxpayer's return on January 31, 1985, long after the court ordered bar date of August 31, 1983. Additionally, this court finds compelling the IRS's expediency in filing a proof of claim some two months after the trustee filed the debtor's 1981 federal income tax return. This court agrees with the IRS that, on these facts alone, the IRS should not have been required to file a "protective claim".[6]

Looking at the matter practically, this court finds that even if the IRS had filed a "protective claim", its claim would have been at the very least "ambiguous" as to the actual nature of the liability, i.e. whether it be income tax, withholding tax, etc. It is conceivable that had the IRS filed a "protective claim," the trustee would have

objected to any subsequent post-bar amendment undoubtedly arguing that the IRS would have been attempting to file a "new claim" through their amendment.

Furthermore, this court considers the claims bar date akin to a statute of limitations. *In re Columbia Ribbin and Carbon Mfg. Co., Inc.,* 54 B.R. 714 (Bankr.S.D. N.Y.1985); *In re Sullivan,* 36 B.R. 771 (Bankr.E.D.N.Y.1984); *In re Thornlimb,* 37 B.R. 874 (Bankr.D.R.I.1984); *In re V–M Corp.,* 23 B.R. 952 (Bankr.W.D.Mich.1982); *In re Tavares,* 23 B.R. 129 (Bankr.D.R.I. 1982); *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bankr.E.D.N.Y. 1982); *Matter of Valley Fair Corp.,* 4 B.R. 564 (Bankr.S.D.N.Y.1980). However, an exception to this "statute of limitations" is afforded some late filed claims by both statutory language and the equitable powers of this Court. *See* 11 U.S.C. § 726(a)(2)(C); Rule 3002(c); Rule 9006(b).

Bankruptcy courts are courts of equity, and must assure that "substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939); *In re International Horizons, Inc.,* 751 F.2d 1213, 1215, 1216 (11th Cir.1985); *Anderson-Walker Industries v. Lafayette Medals, Inc. (In re Anderson-Walker Industries, Inc.),* 798 F.2d 1285, 1287 (9th Cir.1986). In allowing the late filed claim of the IRS this court is exercising its equitable power to prevent injustice. 11 U.S.C. § 105(a); *Pepper v. Litton, supra; In re International Horizons, Inc., supra; In re Anderson-Walker Industries v. Lafayette Medals, Inc. (In re Anderson-Walker Industries, Inc.), supra; In re Global Western Development Corp.,* 759 F.2d 724, 727 (9th Cir.1985); *In re H & C Table Company, Inc.,* 457 F.Supp. 858, 860 (W.D.Tenn.1978); *In re Pacific Express, Inc.,* 55 B.R. 913, 918 (Bankr.S.D. Cal.1985). *See, In re Lester Witte and Co.,* 52 B.R. 436 (Bankr.N.D.Ill.1984).

---

6. Additionally, this court is mindful of 11 U.S.C. § 501(c) which permits the debtor or the trustee to file a proof of claim on behalf of creditor

when the creditor does not timely file its proof of claim.

What impresses this court most is that in the cases cited by the trustee and others reviewed by this court, where an amendment to a claim or a late filed claim was not allowed, the creditor was sufficiently aware of the claim to enable it to timely file a proof of claim and the creditor was negligent or careless in not timely filing. In the case at bar, the IRS was neither aware of any tax liability incurred by Sitzberger, nor was the IRS negligent in not following proper procedure by filing a "protective" proof of claim. Rather, as this court has discussed, the IRS was given no reason to believe that taxes were due until the trustee filed the taxpayer's return long after the court ordered bar date. Additionally, this court is aware that the trustee has made no distributions pursuant to 11 U.S.C. § 726, and therefore there is no prejudice to the trustee or other unsecured creditors of the estate.

## IV.

## CONCLUSION

For the foregoing reasons, this court deems as timely filed the claim in the amount of $14,076.00 filed by the IRS on March 21, 1985. Additionally, this court concludes that the claim shall not be subordinated to other unsecured claims pursuant to 11 U.S.C. § 726(a)(3).

This Memorandum of Decision constitutes finding of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the IRS shall prepare an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.