**In re Harry BYRD, Debtor.**

**Bankruptcy No. 1–83–03120.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 17, 1988.

Michael H. Siegler, Cincinnati, Ohio, for debtor.

Ronald Jordon, Cincinnati, Ohio, for IRS.

Stuart C. Brinn, Cincinnati, Ohio, for Trustee.

DECISION ON OBJECTION TO MOTION OF .IRS FOR LEAVE TO FILE PROOF OF CLAIM OUT OF TIME

BURTON PERLMAN, Chief Judge.

In this Chapter 7 case, IRS moved for leave to file a proof of claim out of time. The resolution of the issues in question was presented to the court on a written Stipulation of Facts, Memoranda and Oral Argument. This is a core proceeding subject to the jurisdiction of the court pursuant to 28 U.S.C. § 1334(b) and § 157(b)(2)(B), as well as the General Order of Reference entered in this District.

We find the following facts from the Stipulation of Facts. This Chapter 7 bankruptcy case was filed November 30, 1983. IRS was not listed as a creditor in the schedules filed with the petition, nor was any notice of filing of the bankruptcy petition sent to IRS. On April 2, 1984, the Clerk of the bankruptcy court sent a notice to IRS containing the Order of Meeting of Creditors, so that IRS became aware of this bankruptcy case on or about April 3, 1984. Such notice also informed recipients that proofs of claim need not then be filed as there were no assets for distribution, but that creditors would be notified when proofs of claim should be filed.

In 1980 and 1981, the debtor, Harry Byrd, was the president and chairman of the board of Aero Fuel Sales, Inc. For periods ending December 31, 1980, March 31, 1981, June 30, 1981 and September 30, 1981, Aero Fuel Sales, Inc. failed to pay its federal income tax withholding and FICA tax liabilities totaling $27,705.55. On or about December 28, 1982, Harry Byrd was contacted and interviewed by a representative of the IRS regarding assessment of the 100% penalty under IRC § 6672 in the amount of $20,044.08. On February 27, 1984, IRS sent Byrd a letter notifying him that IRS intended to assess the 100% penalty against him, such letter also informing Byrd that unless he filed a protest with the Appeals Division within 30 days, the assessment would be made. Byrd did file a protest with IRS on March 9, 1984, thus triggering his appeal rights. On March 26, 1984, the IRS file regarding such penalty of Byrd was transferred from the Collection Division to the Appeals Division of IRS. The Form 2973 transmittal reflecting this transfer contains a notation that the taxpayer's power of attorney had stated that Byrd had petitioned in bankruptcy. By letter dated March 19, 1985, Edward Heinz, Associate Chief of Appeals, informed Byrd that a settlement of his penalty case could not be reached and that the proposed liability would be assessed in full. A hand-written note dated June 17, 1985, contained in the administrative file maintained by IRS says:

> Appellate upheld 100% penalty against both officers—H. Byrd still in bankruptcy—(not discharged per court)—1-83-03120.

On July 30, 1985, pursuant to the Trustee's Interim Statement which reported assets from which a distribution could be made to creditors of the estate, the Court issued a notice to file proofs of claim, providing for a deadline of October 28, 1985 for filing such claims. The notice was mailed to all creditors listed on the schedules and amendments to the schedules. No such notice was sent to IRS, and IRS did not file a timely proof of claim.

IRS obtained a copy of the Trustee's Interim Statement and Account of Disbursements dated December 31, 1986 from the bankruptcy court file in November, 1987. This was as a preliminary to its motion for relief from the automatic stay which it filed on December 27, 1987. A hand-written notation on the back of that document, dated January 12, 1987, that a notice to file proofs of claim was sent on July 7, 1985, was placed on this document by the bankruptcy clerk's office. The trustee did not object to the lifting of the automatic stay as to IRS, so that IRS is free to pursue Byrd individually.

Finally, the parties stipulated that the trustee reached a settlement on certain adversary proceedings related to the Byrd bankruptcy on March 19, 1987, such settlement being in the amount of $50,000.00.

We note that IRS filed its present motion on January 20, 1988. It seeks to justify its motion by the fact that only in November,

1987 did an employee of IRS learn that the bankruptcy clerk had issued a notice to file proofs of claim on July 7, 1985, such notice fixing a deadline of October 28, 1985. The contrary position urged by the trustee has alternative premises. The first is that regardless of the presence or absence of justification, because the court had fixed a bar date of October 28, 1985, pursuant to B.R. 3002(c), the court now has no power to permit the filing of the claim. IRS, says the trustee, is not damaged by this result, because it is free to pursue Byrd on its claim outside the bankruptcy.

The trustee's alternative position is that the court ought not to allow the late filing in view of the facts of the case. That is, IRS had actual notice of the filing of the bankruptcy as early as April 3, 1984 when it received notice of the Order of Meeting of Creditors. Further, in February and March, 1984, IRS knew that it was assessing a penalty against Byrd personally by reason of his conduct in connection with Aero Fuel Sales, Inc., and at that time IRS, through an agent, consciously knew of Byrd's bankruptcy. While the trustee then did not yet know that there would be funds for distribution, so that the notice to file proofs of claim issued by the clerk's office was not sent until considerably later, trustee contends that IRS should have seen to it that it was listed as a creditor in the bankruptcy. Additionally, it was argued on behalf of the trustee that he suffered prejudice by the failure of IRS earlier to make known its claim against Byrd, for the fund now in hand for distribution to creditors resulted from the settlement of adversary proceedings as to which he might well have taken a different position had he known that IRS was asserting a substantial claim, which of course is a priority claim.

■ We have reached the conclusion that, on the facts of this case, the objection of the trustee to the motion of IRS should be sustained. We reject as a basis for doing so, the proposition that IRS must be barred because B.R. 3002(c) allows no latitude to this court to grant the present motion, i.e., IRS missed the bar date and that's all there is to it. We find such a position to be unappealing and inappropriate for this court of equity. IRS is entitled to the same consideration as a non-governmental creditor, and practical considerations as to whether its claim can be satisfied without participation in the present distribution deserves our consideration as an equity in the case.

■ Rather is it that on the facts before us, we conclude that it would be inequitable for IRS to be allowed to file its claim. It could and should long since have taken steps in the case to secure its rights as a creditor. As long ago as March, 1984, it had actual knowledge of the bankruptcy case. It did not at that time know that it was not listed as a creditor in the case, but given the circumstances obtaining here, we hold that it must have known of the clear possibility that it was not listed as a creditor. This is because the source of its present claim grew out of the activities of Aero Fuel Sales, Inc., an entity other than this debtor, and that a personal obligation on Byrd's part which was assessed by IRS only subsequent to the bankruptcy filing, might well have led Byrd not to include IRS as a creditor in his personal schedules. In these circumstances, IRS had the duty at some reasonable period of time after the personal liability was assessed with IRS having knowledge of Byrd's bankruptcy case, to see to it that it was listed as a creditor in Byrd's personal bankruptcy case. Certainly a reasonable period of time would not have extended beyond July 30, 1985 when the court issued notice to file proofs of claim. It is our conclusion, therefore, that IRS cannot be excused from failure to comply with the time bar set in the notice to file proofs of claim pursuant to B.R. 3002(c), because it must bear the responsibility for failing to receive that notice.

IRS, in support of its position here, relies heavily upon *In re Sitzberger*, 65 B.R. 256 (Bankr.S.D.Cal.1986), for in that case, IRS was allowed to file a claim after the claims bar date. That case, however, is clearly distinguishable on its facts. The claim in issue in *Sitzberger* was simply for delinquent income tax on the part of the debtor.

It did not arise as a derivative liability by reason of activities in connection with a separate corporate entity. That what was there before the court was quite different from that before us now is clear because in *Sitzberger*, IRS had in fact timely received notice of the claims bar date, but IRS was unaware that it was a creditor of the debtor until well after the claims bar date. It is in this respect that the present case is entirely distinguishable, because IRS knew that it was a creditor of this debtor long before the claims bar date was set.

Accordingly, we find the issues in favor of the trustee, and will sustain his objection to the motion of IRS.